## NADL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit, May 29, 1925.)

No. 3460.

**1. Criminal law ⬪⬰933—Inconsistent and unjustifiable verdicts not ground for new trial, either by convicted defendant, or by government seeking to set aside acquittal.**

Inconsistent verdicts as to codefendants, or verdicts not capable of logical or rational justification, are not grounds for new trial, either by defendant convicted, or by government seeking to set aside an acquittal.

**2. Criminal law ⬪⬰1056(1)—Alleged error in instruction given with defendant's sanction, to which no exception taken, will not be considered.**

Alleged error in instruction, given after conference with defendant's counsel, with their sanction and approval, to which no exception is taken, will not be considered.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Harry Nadl was convicted of conspiracy to defraud the United States, and he brings error. Affirmed.

John B. Boddie, of Chicago, Ill., for plaintiff in error.

Edward J. Hess, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant and one Catherine E. Mauser were charged in the indictment with having conspired together and "with divers other persons to said grand jurors unknown" to defraud the United States, etc. Defendant was convicted, and Mauser was acquitted. Reversal is sought because (a) the evidence

was insufficient to warrant the jury in finding the defendant Nadl guilty, in view of its acquittal of Mauser; (b) errors in the instruction to the jury.

The evidence was ample to justify the conviction of both defendants, Nadl and Mauser. The latter's own testimony, as well as her confession, left no serious doubt as to her guilt. The jury, because of her sex, or some other capricious reason, saw fit to acquit her, and to convict Nadl. Contending that he could not have been guilty unless the codefendant, Mauser, was also in the conspiracy, Nadl asks that the judgment be set aside for want of evidentiary support. The indictment charged the defendants with conspiring together and "with divers other persons to said grand jurors unknown."

Examination of the testimony convinces us that there were at least two individuals other than Mauser with whom the jury might have found Nadl conspired, as charged in the indictment. It therefore becomes unnecessary for us to determine whether, upon such evidence as was here disclosed, a verdict finding defendant guilty of a conspiracy with another person can be sustained, in the face of a verdict by the same jury, rendered in the same trial, that such person was not in the conspiracy.

In Carrignan v. United States, 290 F. 189, this court, while not dealing with the precise question here presented, indicated rather clearly that, as to each party accused, the evidence must be examined, to ascertain whether it presents a jury question respecting the guilt of such accused parties. If it does, the fact that some other accused party similarly charged is acquitted (either in the same trial or upon separate trials) can be no more determinative of the question, presented upon a motion for a new trial, than if the government sought to set aside a verdict of acquittal on the ground that a codefendant was by the same jury convicted.

[1] In other words, inconsistent verdicts, or verdicts not capable of logical or even rational justification, cannot be urged as a basis for a new trial, either by the convicted defendant or by the government, when it seeks to set aside a verdict as to one defendant.

[2] The alleged error in the instruction we have not considered, first, because the instruction was apparently given after a conference with the opposing counsel and with their sanction and approval. No exception was taken to it, and there is no assignment of error predicated thereon.

The judgment is affirmed.