## UNITED STATES *v.* HOEFLINGER.

*(District Court, E. D. Missouri, E. D.   1887.)*

POST-OFFICE—USE OF MAILS TO DEFRAUD—"HEIRS TO ENGLISH FORTUNES."

An indictment under section 5480, Rev. St. U. S., alleged "that Joseph Hoeflinger, * * * on the eighth day of August, 1887, * * * having then and there devised a certain scheme and artifice to defraud certain persons to the grand jurors unknown, by falsely pretending, in and through certain letters, to be seeking information that would show and lead said persons to believe that they were heirs to large fortunes in England, and requesting the inclosure of a sum of money by said persons to him, (the said Hoeflinger,) with intent fraudulently to obtain and retain said sum of money so inclosed, said scheme and artifice to be effected by opening correspondence * * * with * * * said unknown persons by means of the post-office establishment of the United States, did wrongfully and unlawfully * * * place in the post-office at the city of St. Louis, * * * for mailing, etc., a certain letter, * * * to-wit," and then set out *in haec verba* the contents of a letter addressed to Newton M. Abbett, Indianapolis, Indiana. *Held,* on demurrer to indictment, (1) that the indictment sufficiently described a scheme or artifice to defraud that was to be accomplished by using the post office establishment of the United States; (2) that it was unnecessary to aver that the statements contained in such letter were *false,* inasmuch as the offense described by the statute did not depend upon the question whether the letter placed in the mail in execution of the fraudulent scheme contained true or false statements.

Indictment.   On demurrer.

Indictment against defendant, Joseph Hoeflinger, for sending letters through the mails with intent to defraud.

*T. P. Bashaw,* Dist. Atty., for the Government.

*J. M. Loring* for defendant.

THAYER, J.   Section 5480, Rev. St. U. S., reads as follows:

"If any person having devised * * * any scheme or artifice, to defraud or be effected by * * * opening * * * correspondence * * * with any other person * * * by means of the post-office establishment of the United States, or by inciting such other persons to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, * * * place any letter * * * in any post-office of the United States, or take or receive any therefrom, such persons * * * shall be punishable," etc.

The elements of the offense described in this section are as follows: (1) A scheme or artifice to defraud, by making use of the mails, must have been devised; such use consisting either in sending a letter through the mail to the person to be defrauded, or in doing some act that induces the latter to send a letter or letters to the author of the fraudulent scheme. (2) A letter must be placed in the mail in execution of the scheme to defraud, or one must be taken from the mail which, by some act of the author of the scheme to defraud, the defrauded person has been incited to write.   Obviously, then an indictment under this section should allege the formation of a scheme to defraud, *that is to be effected by using the United States mail,* and all the essential features of the fraudulent scheme or artifice should be described, and the existence of the same as alleged

must be proven on the trial.    In addition, the indictment must of course show that a letter has been placed in the mail by the defendant, or taken therefrom by him, in execution of the scheme or artifice.    The indictment under consideration must be tested by the foregoing rules.    The main objection to it seems to be that it does not sufficiently describe a scheme or artifice to defraud, that was to be accomplished by using the mails.    In this respect, the indictment contains the following charge, omitting the introductory parts:

"That Joseph Hoeflinger * * * on the eighth day of August, 1887, * * * having then and there devised a certain scheme and artifice to defraud certain persons to the grand jurors unknown, *by falsely pretending, in and through certain letters, to be seeking information* that would show and lead said persons to believe that they were heirs to large fortunes in England, and requesting the inclosure of a sum of money by said persons to him, (the said Hoeflinger,) with intent fraudulently to obtain and retain said sum of money so inclosed, said scheme and artifice to be effected by opening correspondence * * * with * * * said unknown persons by means of the post-office establishment of the United States, *did wrongfully and unlawfully* * * * *place* in the post-office at the city of St. Louis * * * for mailing, etc., a certain letter, * * * to-wit."

A letter addressed to Newton M. Abbett, Indianapolis, Indiana, is then set out in full.    It will be observed that in the foregoing paragraph the fact that the defendant devised a scheme to defraud, and the scheme itself, is stated by way of recital, rather than by direct averment; but as the indictment is not challenged on that ground, and as the statute also describes the scheme to defraud by way of recital, I overlook that defect, with the remark, however, that such mode of pleading in an indictment is at least open to criticism.    Disregarding the mere form of averment, it is apparent that the indictment does disclose a scheme to defraud, that was to be accomplished through the agency of the post-office establishment.    In substance, it shows that the scheme devised by the defendant was to falsely pretend to certain persons, by means of letters addressed to them through the mail, that he was seeking information to show that the parties so addressed were heirs to large fortunes in England, and at the same time to request them to forward money, with intent on his part to appropriate it after it had been so obtained.    There can be no doubt that such a scheme is fraudulent, and the scheme or artifice is described with reasonable certainty.    As described in the indictment, it was nothing less than a scheme to obtain money by false pretenses.    By the use of the words "falsely pretending to be seeking information that would show," etc., it is clearly implied that he was not, in point of fact, seeking any such information, that such pretense was false, and that it was made with intent to procure money in an unlawful manner.

The letter which is alleged to have been written by the defendant in execution of the alleged fraudulent scheme, and which is copied in the indictment, contains certain statements, to-wit; "That a certain attorney of London, Eng., had requested the defendant to look up some parties said to reside in Indianapolis, Ind.;" and "that defendant had been in-

formed by such attorney that some two years ago a man had died near London, Eng., leaving a large fortune to be divided between distant relatives, one of whom, by the name of Abbett, was supposed to reside in Indianapolis, Ind." Defendant's counsel insists that the indictment ought to aver that such statements contained in the latter were false, and that the indictment is bad because of the want of such averment. This point, in the opinion of the court, is not well taken. The offense described in the indictment consists in placing a letter in the mail in execution of a fraudulent scheme, previously devised, which is intended to be carried out through the agency of the post-office establishment. It is not essential that the letter written in aid of the scheme shall contain false statements. It can make no difference, therefore, as a matter of averment, whether the letter contained false statements or otherwise. The important question is whether a fraudulent scheme was concocted of the nature described in the indictment, and whether the letter in question was mailed in furtherance of that scheme. The defendant will, of course, be entitled to show that he received such a communication from the London attorney, and that in writing the letter in question he acted in good faith, and not in execution of any fraudulent scheme previously devised; but the government is not bound, in the first instance, to negative the statements contained in the letter, for, notwithstanding the fact that such statements are true, the defendant may have placed the letter in the mail, (as it is alleged he did place it,) not in good faith, but in execution of a fraudulent purpose.

The demurrer, in my opinion, is not well taken, and should be overruled. It is so ordered.