### GREY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 13, 1909. Rehearing denied May 13, 1909.)

#### No. 1,488.

**1.** INDICTMENT AND INFORMATION (§ 202*)—REQUISITES AND SUFFICIENCY—LANGUAGE OF STATUTE.

An indictment, under Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), for using the mails to defraud, which substantially follows the language of the statute, is sufficient after verdict.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 640–645; Dec. Dig. § 202.*]

**2.** POST OFFICE (§ 48*)—USE OF MAILS TO DEFRAUD—INDICTMENT.

In an indictment for using the mails in and for executing a scheme to defraud, it need not be alleged that the contents of a letter or circular charged to have been mailed pursuant to such scheme were false.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. § 48.*]

**3.** CRIMINAL LAW (§ 878*)—FORMER JEOPARDY—PROSECUTION FOR USING MAILS TO DEFRAUD—VERDICT.

Where an indictment, under Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), for using the mails to defraud, contained three counts, each charging the same scheme, but the sending of letters pursuant thereto to dif-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ferent persons, an acquittal on two of the counts does not invalidate a conviction on the remaining count.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2098–2101; Dec. Dig. § 878.*

Nonmailable matter, see note to Timmons v. United States. 30 C. C. A. 79.]

**4.** POST OFFICE (§ 49*)—PROSECUTION FOR USING MAILS TO DEFRAUD—EVIDENCE.

On the trial of a defendant, charged with having conducted a scheme to defraud by the use of the mails, evidence that defendant's predecessor in the business had been indicted for the same offense was competent on the question of intent, if defendant was shown to have had knowledge of the fact and thereafter continued the business.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 49.*]

**5.** POST OFFICE (§ 35*)—PROSECUTION FOR USING MAILS TO DEFRAUD—DEFENSES.

Where the evidence established the charge that defendant advertised as a matrimonial agency, and obtained money from a person by means of correspondence through the mails by false representations made in the advertisement, the offense of using the mails to defraud was complete; and it was no defense that defendant afterwards put the person defrauded in correspondence with a woman whom he married.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 35.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

E. N. Zoline, for plaintiff in error.

Edwin W. Sims, U. S. Atty., F. G. Hanchett, and Seward S. Shirer, for the United States.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error was convicted of using the mails in aid of a scheme to defraud. Section 5480, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3696). Briefly the scheme charged was that plaintiff in error obtained matrimonial agency fees from men by the false pretense that she had been commissioned by a rich and beautiful widow to find her a husband, and from women by the lure of a fictitious "retired business man, wealthy, but lonesome."

The indictment was not challenged by demurrer or motion to quash; but a motion in arrest of judgment was overruled. No question is made but that the scheme to defraud was fully stated. The second element, namely, the intention to effect the scheme by "correspondence * * * by means of the post office establishment of the United States," was alleged as follows:

"Which said scheme and artifice was a scheme and artifice which the said Marion Grey, when devising the same and committing the several offenses hereinafter in this indictment mentioned, intended to effect, and which said scheme and artifice then and there was a scheme and artifice to be effected, by inciting, by means of said advertisements, the said persons so intended to be defrauded as aforesaid to open communication with her under the respective styles, 'Box 104, Elgin, Ill.,' and 'Box 94, Elgin, Ill.,' by means of the post office establishment of the said United States, and by thereupon opening correspondence with those persons respectively under the name of the Searchlight Club, per Marion Grey, Mgr., by means of the post office establishment of the said United States."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As the remaining element the statute says the accused—

"shall, in and for executing such scheme or artifice, or attempting so to do, place or cause to be placed, a letter, packet, writing, circular, pamphlet or advertisement in a post office, branch post office, or street or hotel letter box of the United States, to be sent or delivered by the said post office establishment."

The indictment averred that plaintiff in error—

"in and for executing said scheme and artifice, and in and for attempting so to do, and in and for defrauding by and through that scheme and artifice one William Grable, then resident at Dearborn, in the state of Missouri, unlawfully, willfully and fraudulently did place and cause to be placed in the post office of the said United States, at Elgin aforesaid, to be sent and delivered to the said William Grable, at Dearborn aforesaid, by the said post office establishment of the said United States, a certain circular, to wit."

The criticism of the averment of the second element is that the intent to use the mails was not declared to be a part of the scheme devised by plaintiff in error; and of the statement of the third element the complaint is made that there is no allegation that the circular was inclosed in an envelope or wrapper, and stamped and addressed, or that the contents of the circular were false. It will be observed that the averments substantially follow the language of the statute. Ordinarily this is sufficient, even against a demurrer or motion to quash. Potter v. U. S., 155 U. S. 438, 15 Sup. Ct. 144, 39 L. Ed. 214; Pounds v. U. S., 171 U. S. 35, 18 Sup. Ct. 729, 43 L. Ed. 62; Konda v. U. S. (C. C. A.) 166 Fed. 91. Here there is no complete omission of some material element. If it were conceded that the criticisms are just, they are of the kinds that are cured by verdict. Section 1025, Rev. St. U. S. (U. S. Comp. St. 1901, p. 720); Connors v. U. S., 158 U. S. 408, 15 Sup. Ct. 951, 39 L. Ed. 1033; Rosen v. U. S., 161 U. S. 29, 16 Sup. Ct. 434, 40 L. Ed. 606; Armour Packing Co. v. U. S., 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681. Whether the contents of the circular were true or false was immaterial. The letters or circulars that are mailed need only be "in and for executing" the scheme to defraud. U. S. v. Hoeflinger (D. C.) 33 Fed. 469; Durland v. U. S., 161 U. S. 307, 16 Sup. Ct. 508, 40 L. Ed. 709.

The indictment contained three counts. In each the same scheme to defraud was set forth. In the first it is charged that a letter was mailed to John Peckett, in the second to William Grable, and in the third to Minnie Coleman. Plaintiff in error was acquitted on the first and third counts. Her counsel now contends that this cancels the conviction on the second count. The argument is that since the jury, in passing on the first and third counts, found that the scheme was not fraudulent, a finding on the second count that the scheme was fraudulent should not be permitted to stand. But the verdicts of guilty and not guilty are reconcilable on the theory that the jury found that the scheme was fraudulent, and that in execution thereof plaintiff in error mailed a letter to Grable, but did not to Peckett or Coleman. And if counsel should convince us that the jury ought not to have found his client guiltless of sending letters to Peckett and Coleman as charged, that would be no reason for setting aside the conviction on the Grable count.

Plaintiff in error was the successor in business of one Blackney. The prosecution asked a witness whether an indictment against Blackney had been presented by the grand jury. Plaintiff in error objected on the ground that "that is not the proper method of proof." The objection was overruled, but no exception was taken, and the witness answered, "Yes." Thereupon the prosecution, without objection, introduced in evidence a certified copy of the Blackney indictment, the court saying, "Do I understand that counsel for the United States undertakes to connect this defendant with the transaction?" and counsel replying, "Yes, directly." The fact of such an indictment, if knowledge of that fact were brought home to plaintiff in error when she took over the business, would have a bearing on her intent in continuing the business. No motion was ever made asking the court to strike out the evidence concerning the Blackney indictment on the ground that knowledge thereof by plaintiff in error had not been sufficiently proven. So, in view of the ground of the objection above recited and of the failure to question the government attorney's full performance of his promise to connect plaintiff in error with the matter, if any error was committed in admitting the copy of the indictment, it was invited error.

It developed at the trial that Grable had married a woman with whom plaintiff in error had put him in correspondence, and was satisfied. In view of this evidence counsel claims that the conviction must be vacated. The scheme was to get Grable's money by exciting his curiosity about the wealthy and handsome widow; and, like in Aldrich's story, there was no Marjorie Daw. The other elements—intent to use the mails, and the mailing of the circular in furtherance of the scheme and intent—being also proven, the offense was complete. Weeber v. U. S. (C. C.) 62 Fed. 740; Stokes v. U. S., 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667. What happened to Grable subsequently, and what he might say about his experiences, were not controlling.

Additional assignments of error are aimed at the charge of the court to the jury and at certain remarks of the court during the introduction of the evidence. No objections were made, and no exceptions taken, on which formally to predicate assignments. Counsel invokes our rule that:

"The court at its option may notice a plain error involving the merits of the case, though not assigned or specified, and though the question be not saved according to the strict rules of practice, if it be apparent of record that the point was contested and not waived in the court below."

We have examined the evidence, and find it sufficient to sustain the verdict. We have examined the instructions, and find that they fully and correctly state and apply the law. Counsel falls into a sheer mistake in saying that the court omitted to state the presumption of innocence. Counsel likewise is at fault in contending that the court, in calling attention to plaintiff in error's failure to materialize the wealthy widow and the retired business man, cast the burden of proof upon plaintiff in error. She was a witness in her own behalf, and her testimony was subject to examination as fully as that of any other witness; and her testimony, with that of other witnesses bearing on the ques-

tion of intent, was reviewed in the charge, as is permissible and customary in the federal courts. The challenged remarks do not come within the rule, because they do not "involve the merits of the case," and it is not "apparent of record that the [subject-matter thereof] was contested and not waived in the court below."

The judgment is affirmed.