## CARRIGNAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   May 17, 1923.)

No. 3233.

**1. Criminal law ⬦⇒878(4)—Inconsistent verdict not ground for reversal, when evidence supports judgment.**

A verdict that is apparently inconsistent affords no basis for reversal of a judgment predicated thereon, when the evidence is sufficient to support either of two separate offenses.

**2. Criminal law ⬦⇒878(3)—Acquittal on charge of selling liquor and conviction for maintaining nuisance not necessarily inconsistent.**

Unlawful sale of liquor and maintaining a public nuisance in violation of National Prohibition Act, tit. 2, § 21, are separate and distinct offenses, and a verdict of acquittal of the former charge is not necessarily inconsistent with a conviction of the latter, on the same evidence.

In Error to the District Court of the United States for the Western District of Wisconsin.

Criminal prosecution by the United States against Adolph Carrignan. Judgment of conviction, and defendant brings error. Affirmed.

Henry C. Wilson, of Superior, Wis., for plaintiff in error.
W. H. Dougherty, of Madison, Wis., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff in error was charged (in three counts of an indictment) with having committed violations of the National Prohibition Act (41 Stat. 305, tit. 2, § 21). Upon the trial the court dismissed one count and submitted defendant's guilt on the two remaining charges—(a) the unlawful sale of intoxicating liquor; and (b) maintaining a nuisance within the terms of the act—to the jury. A verdict of not guilty as to the first count and guilty as to the other was followed by a jail sentence and a fine.

Contending that the verdict is inconsistent and that plaintiff in error, if not guilty on the first count, should have been discharged as to the second, a reversal of the judgment is now asked. We cannot accept the contention thus earnestly made. The two offenses are separate and distinct. The evidence was ample to support a verdict of guilty on either count. It would serve no useful purpose to speculate as to the reasons that induced the verdict. The issues of fact were for the jury's determination. Why it should convict on one count, evidently accepting the testimony of government witnesses as true, and acquit as to the other count, and thus reject the testimony of the same government witness, is not for the court to explain. The

respective duties of the court and the jury are distinct, and each is supreme in its own field.

[1] The same question that is here presented has frequently arisen and the decisions are in harmony. A verdict that is apparently inconsistent affords no basis for a reversal of a judgment predicated thereon, when the evidence is sufficient to support either of two separate offenses. Corbin v. United States, 205 Fed. 278, 125 C. C. A. 114; Grey v. United States, 172 Fed. 101, 96 C. C. A. 415; ·Flickinger v. United States, 150 Fed. 1, 79 C. C. A. 515; Dimmick v. United States, 121 Fed. 638, 57 C. C. A. 664; De Jianne v. United States (C. C. A.) 282 Fed. 737; Boone v. United States, 257 Fed. 963, 169 C. C. A. 113; Reeder v. United States (C. C. A.) 262 Fed. 37; Bilboa et al. v. United States (C. C. A.) 287 Fed. 125. Had the three charges been presented by three separate indictments and a separate trial on each count had occurred, the contention now made would not have been seriously urged. Nor could it be seriously or successfully argued that, because defendant was convicted in one trial on one count, he was necessarily guilty in a subsequent trial on a different count involving the same evidence.

Nor is the case similar to that of Rosenthal v. U. S. (C. C. A.) 276 Fed. 714. In that case the defendant was charged with having purchased and received stolen property, with knowledge that it was stolen, and also charged by another count with having the same property in his possession, with like knowledge, the evidence showing that the two counts related to the same transaction. The second offense charged was but a part of the first offense, and separate convictions for the two alleged offenses could not have been sustained. It was therefore held that a verdict of not guilty on the first count necessarily relieved defendant from liability on the second count. See also, Murphy v. U. S. (C. C. A.) 285 Fed. 801.

[2] In the present case, plaintiff in error could have been convicted and sentenced upon both counts of the indictment. He could have been found guilty of either offense without having been guilty of the other. To illustrate: The jury might have found that the evidence showed the liquor sold the government witness was not intoxicating within the definition of the act, and yet, in view of the intoxicated condition of other individuals in the barroom, coupled with the fact that liquor was sold and delivered to them while the government witness was present, have also found that the premises were being conducted as a nuisance.

The judgment is affirmed.