## MARSHALLO v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 4, 1924.)

### No. 203.

**1. Intoxicating liquors ⬡⟶236(9)—Evidence held to support conviction for maintaining nuisance.**

Evidence of the possession and sale to government employés of intoxicating liquor in defendant's soft drink parlor *held* to support a conviction for maintaining a common nuisance, in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z).

**2. Criminal law ⬡⟶878(4)—Acquittal under count charging possession of intoxicating liquor and conviction under count charging maintenance of common nuisance held permissible.**

An acquittal of defendant under a count charging possession of intoxicating liquor, in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z), and an acquittal of defendant's employés of the charge of possessing intoxicating liquor, and defendant's conviction under a count charging that defendant maintained a common nuisance in violation of that act, though apparently inconsistent, *held* permissible.

**3. Intoxicating liquors ⬡⟶239(2)—Instruction that single sale sufficient to establish nuisance justified.**

An instruction that a single sale of alcoholic liquor was sufficient evidence to establish a nuisance, for the reason that the law presumed that the same condition continued until the evidence showed the contrary, *held* justified, in view of surrounding circumstances, the character of the establishment maintained by defendant, and the possession of liquor and sale of it to witnesses.

In Error to the District Court of the United States for the Southern District of New York.

Vincent Marshallo was convicted of violating National Prohibition Act, tit. 2, and he brings error. Affirmed.

Hirson, Bertini & Peattie, of New York City (Robert A. Peattie and Max M. Hirson, both of New York City, of counsel), for plaintiff in error.

William Hayward, U. S. Atty., of New York City (Elmer H. Lemon, Sp. Asst. U. S. Atty., of Middletown, N. Y., of counsel), for the United States.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error was charged in an information containing two counts, first, with unlawfully and willfully on the 9th of June, 1923, maintaining a common nuisance at 465 Lenox avenue, New York City, in violation of the National Prohibition Act; second, that on the 9th of June he unlawfully and willfully possessed intoxicating liquor, all in violation of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z). In a separate information containing two counts, three other defendants, employés of the plaintiff in error, were charged with possessing intoxicating liquors at the same address on the 9th of June, 1923, and at the same time and place, selling a quantity of intoxicating liquor in

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

violation of the National Prohibition Act. The four were tried together. The jury acquitted the employés of the plaintiff in error and also acquitted him of the charge of possessing intoxicating liquor, but convicted him on the charge of maintaining a common nuisance.

The evidence offered at the trial was that of three employés of the Treasury Department of the government, who testified that on the night in question, they went to the premises, 465 Lenox avenue, which which was a soft drink parlor fitted up as a lunch bar, with an assortment of glasses, and a back room with a family entrance. Two of the employés accompanied by two ladies, were admitted to the rear room and there ordered a glass of beer, one of whisky, and one of gin. One of the defendants went to the bar, which adjoined the rear room, with swinging doors between. Plaintiff in error and another employé were behind the bar. A flask of liquor was passed through a hole in the floor, and two glasses with gin and whisky were filled and passed to the waiter, who in turn served the witnesses. Payment therefor was made, and this was rung up on the cash register. Another employé of the government entered the rear room after the drinks were ordered. After covering the hole in the floor behind the bar through which the bottles had been passed, the witnesses went to the cellar beneath the hole in the floor, where they found a large quantity of liquor. The plaintiff in error admitted that he was the proprietor of and owned the premises since February 20, 1923. The issues were submitted to the jury, and it found as above indicated.

It is argued upon this appeal that the verdict finding the plaintiff in error guilty of maintaining a nuisance is inconsistent with his acquittal on the charge of unlawful possession of liquor and the acquittal of the employés on the charge of unlawful sale and possession of the liquor. Whatever may have been the reason for the jury's verdict, the conviction of maintaining a common nuisance has ample evidence to support it. This evidence pointed clearly to the ownership by the plaintiff in error of the premises in question, the possession of liquor in the cellar below, and the sale and service of it to the employés of the government, who appeared as purchasers.

In Carrignan v. United States (C. C. A.) 290 Fed. 189, the plaintiff in error was charged with having committed violations of the National Prohibition Act (41 Stat. 305), in two counts. The first was an unlawful sale of intoxicating liquor, and the second maintaining a nuisance, as forbidden within the terms of the act. It was held that a verdict of guilty on the second count was not inconsistent with a verdict of not guilty on the first. This court held that where, on a charge under the Espionage Act of June 15, 1917, the author of a pamphlet was found not guilty of the charge of thereby obstructing the recruiting and enlistment service in time of war, on the ground that it was not written with such intent, it was not inconsistent to convict a codefendant who published and circulated the pamphlet. American Socialist Society v. United States (C. C. A.) 266 Fed. 214. In Bilboa v. United States (C. C. A.) 287 Fed. 125, an acquittal on a count charging a nuisance by the maintenance of the premises for the unlawful sale of liquor is not so inconsistent with a conviction on other

counts, charging unlawful possession and unlawful sale, as to render a conviction on those counts by the same jury invalid. See, also, Grey v. United States, 172 Fed. 101, 96 C. C. A. 415; Corbin v. United States, 205 Fed. 278, 125 C. C. A. 114; Flickinger v. United States, 150 Fed. 1, 79 C. C. A. 515; Dimmick v. United States, 121 Fed. 638, 57 C. C. A. 664.

It may appear inconsistent to have found the plaintiff in error guilty of maintaining a common nuisance and not to have found him guilty of possessing intoxicating liquor in violation of the act. However, we are not called upon to justify the conclusions the jury reached for the acquittal on the count of possession. It is sufficient for our determination to say that the evidence which was adduced on the trial, if believed, justified the conclusion of a violation of the act in respect to the provision making it a crime to maintain a common nuisance. Boone v. United States, 257 Fed. 963, 169 C. C. A. 113. It is permissible for a jury to convict on one count and acquit on the other, where it was also within their province to convict on both counts on the same evidence.

[3] Error is assigned to the charge of the court, which instructed the jury that a single sale of alcoholic liquor is sufficient evidence to establish a nuisance, for the reason that the law presumes that the same condition continued until the evidence shows to the contrary. We think the surrounding circumstances, the character of the establishment maintained by the plaintiff in error, the possession of liquor, and the sale of it to the witnesses who testified, was sufficient to justify the court's charge in this respect. Fassolla v. United States (C. C. A.) 285 Fed. 378; Lewinsohn v. United States (C. C. A.) 278 Fed. 421; Traversi v. United States (C. C. A.) 288 Fed. 375.

We have examined the other errors assigned, and find none justifying a reversal of the judgment of conviction.

Judgment affirmed.