## DUNN v. UNITED STATES.

No. 393. Argued November 24, 1931.—Decided January 11, 1932.

Mr. *Roger O'Donnell* argued the cause, and Mr. *Raymond T. Coughlin* filed a brief, for petitioner.

*Solicitor General Thacher*, with whom *Assistant Attorney General Youngquist* and Messrs. *Mahlon D. Kiefer, John J. Byrne*, and *Francis H. Horan* were on the brief, for the United States.

Mr. JUSTICE HOLMES delivered the opinion of the Court.

The petitioner was indicted in three counts, first, for maintaining a common nuisance by keeping for sale at a specified place intoxicating liquor, second, for unlawful possession of intoxicating liquor, and third, for the unlawful sale of such liquor. The jury acquitted him on the

second and third counts, and found him guilty on the first. No question was raised in the courts below with respect to the sufficiency of the indictment on the first count, and no such question has been presented here. The case was tried upon the assumption that the indictment was good as to that count, and, in the opinion of the majority, we should make the same assumption.

The defendant says that the evidence did not warrant a conviction; and that the verdict on the second and third counts is inconsistent with that upon the first, and that for this reason also he is entitled to be discharged. The evidence was the same for all the counts. The defendant owned the establishment where the alleged sale took place. It consisted of a front room where fishing tackle, sporting goods, cigars and soft drinks were sold, and a larger room in the rear with pool tables and a bar. Two prohibition agents and two unknown men walked in and ordered from the defendant three glasses of whiskey and one of beer and were served without further conversation. A little later two more drinks were called for and furnished. The whiskey was served in ordinary whiskey glasses from underneath the bar and the money paid for it, twenty-five cents a glass, was put into a cash register behind the bar. The testimony, if believed, showed a regular course of business, which manifestly was continuous, *Fisher* v. *United States*, 32 F. (2d) 602, 604, and warranted a verdict of guilty on the nuisance count. The defendant gave evidence that he was elsewhere at the time of the alleged sale and did not make it. He contends that the verdict is inconsistent, since it negatives possession and affirms the nuisance, the proof of the commission of both alleged offenses consisting of identical evidence. The Government says that even though the jury seems to have believed that the defendant was elsewhere at the time of the alleged sale and did not make it, the verdict

is not necessarily inconsistent, for some third person, with defendant's knowledge, may have been doing business on the premises, and if so they were a nuisance, and the defendant was guilty although he neither possessed nor sold intoxicating liquors upon them; that whereas the Government's witnesses may have been mistaken in saying that the defendant sold, they may have been right to the extent that someone did, and if that be true the defendant's knowledge could be inferred, this being his place of business and he being habitually present there. It is further argued that it may be inferred that he received the money coming from the sale, and that he knowingly abetted the seller in the acts that created the nuisance on the premises that the defendant controlled.

Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. *Latham* v. *The Queen,* 5 Best & Smith 635, 642, 643. *Selvester* v. *United States,* 170 U. S. 262. If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as *res judicata* of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold. As was said in *Steckler* v. *United States,* 7 F. (2d) 59, 60:

" The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity."

Compare *Horning* v. *District of Columbia,* 254 U. S. 135.

That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.

*Judgment affirmed.*

MR. JUSTICE BUTLER, dissenting.

The indictment contains three counts and accuses petitioner of violations of the liquor laws. The first is under § 33 and the other two are under § 12 of Title 27, U. S. Code, being, respectively, §§ 21 and 3 of Title II of the National Prohibition Act, 41 Stat. 308, 314. The pertinent words are:

" § 33. Any . . . building . . . or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this chapter [title], and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor . . ."

" § 12. No person shall . . . sell . . . or possess any intoxicating liquor except as authorized in this chapter [title] . . ."

The first count cites § 33 and charges that petitioner on the fourth of July, 1930 (the evidence shows that June 26 was meant) " at a place known as No. 301–2d Street, in the City of Eureka . . . did . . . maintain a common nuisance, in then and there knowingly and willfully committing a prohibited and unlawful act of keeping for sale at said place certain intoxicating liquor . . . to wit: five drinks of whiskey and one drink of beer . . ." The second cites § 12 and charges that he then and there committed a prohibited and unlawful act of " possession of the said certain intoxicating liquor." The third cites § 12 and charges that on June 26, 1930, he did then and

there knowingly and willfully commit a prohibited and unlawful act of " sale of certain intoxicating liquor . . . to wit: five drinks of whiskey and one drink of beer."

The nuisance charged is specifically limited to the " keeping for sale " of the six drinks mentioned. The unlawful possession count is limited to the same drinks. The unlawful sale alleged is limited to six drinks. The evidence showed that the same liquor constituted the sole basis of each count.

At the trial it was shown that petitioner owned and carried on business in the place described; that there was a front room where sporting goods, cigars and soft drinks were sold and a back room in which defendant had a bar, pool and card tables and all kinds of soft drinks. The bar was used to wait on customers in that room. There were some one-ounce whiskey glasses which petitioner testified were used to serve bitters.

Two federal prohibition agents testified that about 7:30 o'clock in the afternoon of June 26, 1930, they and two unknown men, whom they referred to as " pick-ups," entered the rear room and found petitioner behind the bar; that one of the agents bought from petitioner " three whiskeys and one beer " and paid him a dollar which he rang up on the cash register; that the other agent bought from him two more drinks of whiskey and that all such liquor was consumed on the premises by the agents and their companions. No other sale was shown. No arrest, search or seizure was then made or attempted. *Marron* v. *United States*, 275 U. S. 192. Eight days later federal officers having a warrant for arrest accompanied by one of the prohibition agents raided the place and arrested petitioner. There was no evidence that any liquor was found. Petitioner testified and introduced other evidence to show that he was absent from Eureka and not in the place until some time between 8:00 and 8:30 o'clock that evening.

The trial court charged:

" The element of nuisance is the keeping of intoxicating liquor for sale. If you find from the evidence that the defendant had in his possession any liquor . . . for the purpose of such sale, then you must find the defendant guilty. . . .

" If you find from the evidence that the defendant unlawfully possessed intoxicating liquor, of course it will be your duty to find him guilty of that charge; . . .

" Of course, if . . . you believe that he is guilty . . . of having sold liquor at his said place of business, it will be your duty to find him guilty of that charge. . . .

" When an indictment charges a defendant with crime, it is not necessary for the Government to prove that the act was committed by the defendant personally, but it is sufficient for the Government to prove that the act was committed by an agent of the defendant and committed in the course of the agency and in furtherance of it. . . .

" I instruct you . . . that it is the law that ' Whoever directly commits any act constituting an offense defined in any law of the United States or aids or abets or procures its commission is a principal.' [apparently referring to 18 U. S. C., § 550] . . .

" The defendant has introduced evidence tending to show that he was not present at the time and place of the commission of the crime charged in this indictment. . . . If the evidence of an alibi in connection with all the other evidence raises a reasonable doubt of the presence of the defendant at the time and place of the crime he should be acquitted."

The jury acquitted petitioner on the possession and sales counts and convicted him on the nuisance count.

The court by the first quoted instruction, in harmony with the pleadings, authorized the conviction of petitioner upon the finding of the possession for sale of the

six drinks without more. The familiar rules that the principal may be held for acts of his agent and that one who aids or procures the commission of crime is a principal applied equally to all the accusations and were not limited to the first count. The charge that if petitioner was absent he must be acquitted also applied on all counts. There is no ground to hold that the jury, notwithstanding petitioner's absence from the place when the prohibition agents were there, found him guilty of nuisance and that because of that absence it found him not guilty of the very act alleged to constitute the nuisance. The jury must have rejected his alibi. And, if petitioner through another kept for sale the liquor as charged in the first count, he necessarily acted through the same agent as to the identical possession alleged in the second.

The definition of nuisance in § 33 manifestly requires continuity of maintenance, that is, a practice or course of business. Inherently it is a continuous offense having duration. Cf. *In re Snow,* 120 U. S. 274, 281. *Blockburger* v. *United States, ante,* p. 299. This is confirmed by § 34, which authorizes temporary and permanent injunctions for the abatement of such nuisances. But to hold that unlawful possession or a single sale, without more, constitutes a nuisance as defined "would be to render meaningless the other provisions of the law in which the Congress has denounced these specific acts, and provided punishment for their violation." *Barker* v. *United States,* 289 Fed. 249, 250. A single sale, if attended by circumstances warranting the inference that the defendant is engaged in a practice of which the sale is but an instance, may be sufficient to establish the offense. But mere possession for sale in a building of a half-dozen drinks does not measure up to the standard. *Lewinsohn* v. *United States,* 278 Fed. 421, 425. *Reynolds* v. *United States,* 282 Fed. 256, 258. *Singer* v. *United States,* 288 Fed. 695, 696.

*Miller* v. *United States,* 300 Fed. 529, 537. *United States* v. *Ward,* 6 F. (2d) 182. *Schechter* v. *United States,* 7 F. (2d) 881. *Fisher* v. *United States,* 32 F. (2d) 602, 604.

The facts alleged in the first count are not sufficient to constitute nuisance. They amount only to a charge of unlawful possession. The count contains nothing as to the character of the place. No practice or course of business maintained or intended is alleged. The facts set forth are not distinguishable from those alleged as constituting the unlawful possession charged in the second count. It is of no legal significance that the pleader cited § 33 in the first count and § 12 in the others and referred to the offense as " nuisance " and failed to characterize or name those charged in the others. *Williams* v. *United States,* 168 U. S. 382, 389. *Hammer* v. *United States,* 271 U. S. 620, 625. *People* v. *Aro,* 6 Cal. 207. *State* v. *Murray,* 41 Iowa 580.

By finding petitioner not guilty under the second and third counts the jury conclusively established that the evidence was not sufficient to prove the unlawful possession or sale there alleged. Since the first count charged nothing more than unlawful possession, this amounted to contradictory findings on the same fact. But even if that count charged a nuisance, the unlawful keeping of that liquor for sale was essential to the offense, in fact the corpus delicti, and the verdict of guilty necessarily included a finding of the very possession that was conclusively negatived by the verdict under the second count. If the finding of guilt on the first count were not contradicted by another finding contained in the same verdict, or if it stood alone, a judgment would properly be entered thereon convicting petitioner of the unlawful possession. 18 U. S. C., § 565. *Samlin* v. *United States,* 278 Fed. 170. *Sparf and Hansen* v. *United States,* 156 U. S. 51, 62. *Wallace* v. *United States,* 162 U. S. 466, 476.

This is not a failure of the jury to pass on all the counts submitted to them as in *Selvester* v. *United States*, 170 U. S. 262, and *Latham* v. *The Queen*, 5 B. & S. 635, cited in the opinion here. In this case the jury responded to all the issues, but the findings cannot be reconciled. Possession was alleged in the second count and negatived by the jury. Nothing remains to support the opposite finding under the first count. The repugnancy is such that if the first is accepted the second must be rejected. I am of opinion that this record plainly requires an express and unqualified decision that these findings conflict and are completely repugnant.

What is the legal effect of such conflict in the verdict?

Where the jury's action reflects mere inconsistency in the consideration of the evidence, which results in apparently illogical or unreasonable conclusions, courts will disregard differences and give effect to the verdict.[1]

In civil cases where there is conflict between a special and general verdict the former will prevail. *Lemke* v. *Chicago, M. & St. P. R. Co.,* 39 Wis. 449. If here the first count stated facts which taken with the specified possession of six drinks would be sufficient to constitute nui-

---

[1] *Dimmick* v. *United States*, 121 Fed. 638, 642. *Boone* v. *United States*, 257 Fed. 963, 968. *American Socialist Society* v. *United States*, 266 Fed. 212, 214. *Bullock* v. *United States*, 289 Fed 29, 32. *Carrignan* v. *United States*, 290 Fed. 189, 190. *Lee Choy* v. *United States*, 293 Fed. 582, 584. *Dallas* v. *United States*, 4 F. (2d) 201, 202. *Hesse* v. *United States*, 28 F. (2d) 770. *United States* v. *Anderson*, 31 F. (2d) 436. *Pankratz Lumber Co.* v. *United States*, 50 F. (2d) 174. *Thompson* v. *State*, 177 Ark. 1, 10; 5 S. W. (2d) 355. *People* v. *Edwards*, 72 Cal. App. 102, 117; 236 Pac. 944. *Holt* v. *People* (Colo.), 1 Pac. (2d) 921, 922. *Rokvic* v. *State*, 194 Ind. 450; 143 N. E. 357. *State* v. *Brizendine*, 114 Kan. 699, 703; 220 Pac. 174. *Lanasa* v. *State*, 109 Md. 602, 609; 71 Atl. 1058. *State* v. *Daly*, 77 Mont. 387, 391; 250 Pac. 976. *Weinecke* v. *State*, 34 Neb. 14, 23; 51 N. W. 307. *People* v. *Haupt*, 247 N. Y. 369, 371; 160 N. E. 643. *State* v. *Brown*, 198 N. C. 41; 150 S. E. 635.

sance, the finding of not guilty on the possession count would be in principle and effect a special finding negativing that element of the offense charged. Cf. *People* v. *Piper,* 50 Mich. 390; 15 N. W. 523. In a civil case, if the inconsistency is between findings in a special verdict in respect of a controlling fact no judgment can be entered. As said by Chief Justice Ryan: " The verdict on a material point finds for each party, and against each party; being, in effect, equivalent to disagreement of the jury. The answer assumes to cut a single and indivisible truth in two. . . . No judgment can rest on such a verdict, and no court should receive it." *Carroll* v. *Bohan,* 43 Wis. 218, 220. *Hawes* v. *Chicago & N. W. R. Co.,* 41 Wis. 44, 51. *Davis* v. *Farmington,* 42 Wis. 425, 431. *German Ins. Co.* v. *Smelker,* 38 Kan. 285; 16 Pac. 735. Under the common law a jury may give a special verdict in a criminal case. 2 Hawkins P. C., 8th ed., c. 47, § 3. 4 Blackstone, pp. 360–361. *Commonwealth* v. *Call,* 21 Pick. 509, 514. *Commonwealth* v. *Eichelberger,* 119 Pa. St. 254, 263; 13 Atl. 422. *State* v. *Bray,* 89 N. C. 480. *People* v. *Piper, supra.* No judgment may be entered upon an uncertain special verdict. *People* v. *Olcott,* 2 Johns. 301, 311.

In criminal cases no form of verdict will be good which creates a repugnancy or absurdity in the conviction. 2 Bishop, New Criminal Procedure, 2d ed., § 1015a (5).

Where one by different counts is accused of two crimes which by reason of their nature cannot be committed by the same person, a verdict of guilty on both counts will be held so inconsistent with itself and so uncertain in law that no judgment can be entered thereon. Such verdicts are so meaningless as to be without force. *Regina* v. *Evans,* 7 Cox C. C. 151, 157. *Rosenthal* v. *United States,* 276 Fed. 714. *Commonwealth* v. *Haskins,* 128 Mass. 60. *Tobin* v. *People,* 104 Ill. 565. And see *Commonwealth* v. *Lowrey,* 158 Mass. 18, 20; 32 N. E. 940.

In *Regina* v. *Evans, supra,* one count accused the prisoner of stealing sheep. Another count charged him with having received them on the same day. There was a verdict amounting to a finding of guilty on each count. The Court of Queen's Bench held it inconsistent. The chief justice announcing the judgment said (p. 157): "This record must therefore be dealt with as if there had been a special verdict, on which the court should find matter which would not justify either an acquittal or conviction. The practice in such a case has been to award a *venire de novo.* The cases in Lord Raymond's reports, and the later cases, sanction such a course, and we cannot see any good grounds for distinguishing an uncertain general verdict, such as this, from an uncertain special verdict."

In *Rosenthal* v. *United States, supra,* three were indicted under the Act of February 13, 1913, 37 Stat. 670. One count accused them of having bought and received property that had been stolen from a car, then being a shipment in interstate commerce, knowing it to have been so stolen. The second count charged that at the same time and place they had that property in their possession under like circumstances and with like knowledge.

On the first count the jury found all not guilty. On the other count all were acquitted but one and he was found guilty. The evidence showed that the property had been stolen and disclosed. only one transaction between the thieves and the defendant who was found guilty. The court said (p. 715): "By its verdict upon the first count of the indictment the jury found that the plaintiff in error neither bought nor received the cigarettes from them [the thieves] with knowledge of the theft, and by its verdict upon the second count that the plaintiff in error was at the same time and place in possession of the property with such guilty knowledge. The two findings were thus wholly inconsistent and conflicting. For this reason we feel obliged to reverse the judgment and remand the case for a new trial."

Upon the indictment of several for an offense that could not be committed without the participation of two or more of them a verdict of guilty against one and of not guilty for the others is deemed wholly repugnant and invalid. 1 Chitty, Criminal Law, 5th Am. ed., p. 640. On indictment of riot against three a verdict finding less than that number guilty is void; for more than two must riot. *Harison* v. *Errington,* Popham (2d ed.) 202. *Rex* v. *Heaps,* 2 Salk. 593. *The King* v. *Sudbury,* 12 Mod. 262. *Rex* v. *Scott,* 3 Burr. 1262, 1264. And on a charge of conspiracy against two, a verdict convicting only one is void. *United States* v. *Hamilton,* 26 Fed. Cas., pp. 90, 91; No. 15,288. *Feder* v. *United States,* 257 Fed. 694, 696. *People* v. *Olcott, supra,* 310–311. *Queen* v. *Manning,* 12 Q. B. D. 241, 245. *Queen* v. *Thompson,* 16 A. & E. 832, 844 *et seq.* And on the trial together of persons accused as principal and accessory, acquittal of the former renders a verdict against the latter bad because entirely inconsistent with the innocence of the person charged as the principal offender. 2 Coke's Inst. 184. Foster, p. 360. 1 Hale P. C. (1st. Am. ed.), p. 625. 2 Hawkins P. C., c. 29, § 47. *United States* v. *Crane,* 4 McLean 317, 319; Fed. Cas. No. 14,888. *Commonwealth* v. *Andrews,* 3 Mass. 126, 131.

One accused in different counts of an indictment of the same crime, there being no difference in the means alleged to have been employed, may not be adjudged guilty on a verdict of conviction on one count and of acquittal on the other. *Speiller* v. *United States,* 31 F. (2d) 682, 684. *State* v. *Akers,* 278 Mo. 368, 370; 213 S. W. 424. *State* v. *Headrick,* 179 Mo. 300, 307; 78 S. W. 630. Cf. *Commonwealth* v. *Edds,* 14 Gray 406, 410. *United States* v. *Malone,* 9 Fed. 897, 900.

Where there is a verdict of not guilty on one count and a verdict of guilt on another and the former necessarily determines that the evidence failed to establish a fact

which is an essential ingredient of the offense charged in the other count, then in determining whether the evidence was sufficient to sustain the finding of guilt the court must exclude from consideration the fact so found in favor of the accused. And so in every such case the question of law for the court always is whether, outside the fact eliminated by the verdict of not guilty, the evidence was sufficient to warrant the conviction. *Hohenadel Brewing Co.* v. *United States,* 295 Fed. 489. *Peru* v. *United States,* 4 F. (2d) 881. *Murphy* v. *United States,* 18 F. (2d) 509. *Boyle* v. *United States,* 22 F. (2d) 547. *Kuck* v. *State,* 149 Ga. 191, 193; 99 S. E. 622. And see *Baldini* v. *United States,* 286 Fed. 133.

Under an indictment by one count accusing eight persons of conspiracy to maintain a nuisance and alleging as an overt act the maintenance of that nuisance, and by another charging that they did knowingly maintain such nuisance, a verdict acquitting them of the conspiracy (i. e., the agreement to maintain) and convicting them of having knowingly maintained the identical nuisance specified in the conspiracy charge will not support a judgment of guilt. This for the reason that, by the verdict that all knowingly maintained the nuisance, the jury necessarily found that there was an agreement among them to maintain the nuisance. The court said: " It is unthinkable that eight men should for a period of time have knowingly maintained and operated the place where intoxicating liquor was sold and kept for sale, without some kind of an agreement among themselves." *Boyle* v. *United States, supra,* 548.

A brewing company indicted for violation of the National Prohibition Act was accused by the first count of unlawful manufacture at divers times between dates more than a year apart. By the five counts following it was accused of unlawful sales at different times; and, by the sev-

enth count it was accused of nuisance during that period in that it maintained a place where liquor was manufactured, kept and bartered. The jury found defendant not guilty under the first six counts, and guilty of nuisance under the seventh. The court held the facts alleged in the counts on which defendant was acquitted were to be deemed as non-existent and excluded from consideration in determining whether there was evidence to sustain the nuisance charged. Finding no evidence outside the facts so negatived, the court held conviction could not be sustained. *Hohenadel Brewing Co.* v. *United States, supra.*

The Government cites *Carrignan* v. *United States,* 290 Fed. 189; *Marshallo* v. *United States,* 298 Fed. 74; *Steckler* v. *United States,* 7 F. (2d) 59; and *Gozner* v. *United States,* 9 F. (2d) 603. And see *Seiden* v. *United States,* 16 F. (2d) 197.

In the *Carrignan* case defendant was accused in two counts of violation of liquor laws; the first count charged unlawful sale and the second maintenance of a nuisance. The opinion does not disclose details alleged. The jury acquitted on the sale charge and convicted of nuisance. The court distinguished the *Rosenthal* case, *supra,* and said (p. 190): "In the present case, plaintiff in error could have been convicted and sentenced upon both counts of the indictment. He could have been found guilty of either offense without having been guilty of the other." And it supported that statement by reference to the evidence. It is to be inferred from the opinion that the allegations in the nuisance count were not, as they are here, limited to the liquor bought by the government agent. No repugnancy as a matter of law was found or dealt with in the opinion, and there is nothing in recognition or support of the principle here contended for by the Government.

In the *Marshallo* case the indictment was in two counts for violation of liquor laws; the first was for nuisance and

the second for unlawful possession. The opinion does not show details alleged. Marshallo was shown to be owner and proprietor of the place. Government employees testified: The place was a soft drink parlor having a lunch bar and back room. Two witnesses went into the back room and ordered three drinks. Marshallo was behind the bar, bottles of liquor were passed from the cellar through a hole in the floor, three drinks were handed to the waiter, payment was made and rung up on a cash register. Immediate examination of the cellar disclosed a large quantity of liquor kept there. The jury found Marshallo guilty of nuisance, not guilty of possession. He insisted that the verdict of guilt of nuisance could not stand, because inconsistent with the acquittal of possession. The court held there was ample evidence of nuisance and sustained the verdict, citing the *Carrignan* case. The opinion does not suggest that, outside the possession so specifically found not proved, there was not ample evidence to establish defendant guilty of nuisance. The opinion shows no such conflict or repugnancy that if one finding were true the other necessarily must be false.

In the *Steckler* case—which the opinion of this court cites—a druggist with a permit to possess liquor for sale under prescribed regulations was indicted for violation of liquor laws in four counts; the first charged nuisance—the maintenance of a place where liquor was kept for sale. in violation of the Act—the second unlawful possession, the third an unlawful sale on April 8, the fourth another unlawful sale on that day. The jury found him guilty of unlawful possession and acquitted him on the other counts. The court held *Marshallo* v. *United States* controlling and—it need not be considered whether justifiably—dealt with the case as if there were an irreconcilable conflict. It said (p. 60): " No doubt it has generally been assumed that, if a verdict was rationally inconsistent, the conviction ought not to stand, and probably that was

the common law, though it is hard to find a case squarely so holding." It concluded that the acquittal on the nuisance and sales counts was an "assumption of power which they [the jury] had no right to exercise but to which they were disposed through lenity," and so sustained the conviction.

In the *Gozner* case, the indictment charged violation of the liquor laws; the first count charged unlawful possession, the second unlawful possession of property for use in the manufacture of intoxicating liquor, the third manufacture and the fourth the maintenance of a nuisance. Gozner was acquitted on the first three and convicted of nuisance. The court held the findings of not guilty on the three counts did not have the force of res adjudicata precluding conviction on the other count. But it was not held or suggested that, excluding the facts necessarily found not proved under the first three counts, there was not evidence to warrant conviction of defendant for the maintenance of the nuisance. The reasoning of the court does not apply in this case. One of the judges in a dissenting opinion insisted that there was a legal inconsistency between the findings of not guilty in favor of Gozner on the three counts and his conviction on the fourth and maintained that, outside the facts necessarily negatived by the acquittals, there was no evidence to convict of nuisance.

I am of opinion that the authorities establish as well-settled: (1) that when, upon an indictment charging the same offense in different counts, the jury acquits as to one and convicts on the other, defendant is entitled to a new trial; and (2) that when different crimes are charged in separate counts and the jury acquits as to one and convicts on the other, the conviction will be sustained unless, excluding the facts which the jury in reaching its verdict of

acquittal necessarily found not proved, it must be held as a matter of law that there is not sufficient evidence to warrant the verdict of guilty; and, where the evidence outside the facts so conclusively negatived by the acquittal on one count is not sufficient to sustain guilt on the other count, defendant is entitled to a new trial.

The rule first stated is applicable here. Excluding the possession negatived by the finding under the second count, there is nothing of substance left in the first count; for its specifications were limited to the keeping for sale of the identical drinks alleged in the second count to have been unlawfully possessed. Moreover, even if it be thought that nuisance was sufficiently alleged in the first count, the unlawful possession of the six drinks was an essential ingredient of the offense alleged. The evidence having been found insufficient to establish such possession, it cannot be held adequate to warrant conviction under the first count. The finding of not guilty is a final determination that possession, the gravamen of both counts, was not proved.

The law does not permit investigations into the deliberations of juries for ascertainment as a matter of fact upon what considerations verdicts are reached; the soundness of that rule has never been questioned. There are stronger reasons against speculating whether, or assuming that, the jury through tenderness of disposition, mercy or forbearance acquitted while knowing that its duty was to convict the accused. Conflict between the findings may not be explained. The inference that the jury, seeking rightly to discharge its duty, made a mistake, is to be preferred over the suggestion that it found for defendant upon an assumption of power it might not lawfully exert.

I am of opinion that the verdict does not support the judgment.