United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10537
Summary Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

KENNETH CHARLES JOHNSON,

                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-360-2-P
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Kenneth Charles Johnson appeals his conviction for

interstate and foreign travel or transportation in aid of

racketeering enterprises and aiding and abetting, in violation of

18 U.S.C. §§ 1952(a)(3),(2).

     Johnson challenges the sufficiency of the evidence upon

which his conviction is based.  His challenge rests, in part, on

the argument that the jury verdict is inconsistent.  He argues

that it was inconsistent for the jury to acquit him of the

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conduct charged in indictment count one, conspiracy to import heroin, when it convicted him of aiding and abetting the interstate travel in aid of the conspiracy to possess with intent to distribute heroin. Each count in an indictment is regarded as a separate indictment, and inconsistency is not a reason to reverse a jury verdict. Dunn v. United States, 284 U.S. 390, 393 (1932). Moreover, a review for evidence sufficiency is performed independent of the jury's determination that evidence on another count was insufficient. United States v. Powell, 469 U.S. 57, 67 (1984). Based on Dunn and Powell, inconsistency in the verdict does not provide a basis for reversal. United States v. Parks, 68 F.3d 860, 865 (5th Cir. 1995). Furthermore, Johnson's reliance on United States v. Truesdale, 152 F.3d 443 (5th Cir. 1998), is misplaced. Truesdale based its reversal of the conviction on evidence insufficiency, not inconsistency in the verdict.

Johnson also contends that the evidence is insufficient to support his conviction. Evidence adduced at trial indicated that Johnson acted as a willing intermediary between two of his acquaintances, Alice Faye White and Uzo Christopher Nwankwo, in a conspiracy to import heroin. After Johnson refused Nwankwo's request to make a trip to a foreign country, Johnson requested that White, his live-in girlfriend, travel to Ecuador on a one-day trip. Johnson assisted White in travel preparations by helping her obtain a passport, paying expenses, and providing her

with the itinerary that Nwankwo gave to him.  When White returned from the trip without making contact with the proper person, Nwankwo and Johnson sent her back to Ecuador after one day's rest.  When White returned to the United States from her second trip to Ecuador, she was intercepted in Houston by law enforcement personnel who discovered heroin in the soles of her platform shoes.  Not knowing that White had been apprehended, Johnson assisted White in travel arrangements after she deviated from the original plan for delivery of the shoes.  Transcribed telephone conversations between White, Johnson, and Nwankwo further implicate Johnson and reveal his knowledge of the purpose of the conspiracy.

The evidence thus establishes that Johnson knowingly aided and abetted the travel in interstate commerce and did so with the intent to promote and carry on a conspiracy to posses with intent to distribute heroin in violation of 18 U.S.C. § 1952(a)(3). Therefore, the jury's determination of guilt is sufficiently supported by the evidence.  See United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995).

AFFIRMED.