## CLEARY v. UNITED STATES.
## CHAVEZ v. SAME.
## Nos. 654, 655.

Circuit Court of Appeals, Tenth Circuit.
Nov. 18, 1932.

Rehearing Denied Jan. 4, 1933.

David Chavez, Jr., of Santa Fé, N. M., for appellants.

Hugh B. Woodward, of Albuquerque, N M., for the United States.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

The above entitled and numbered cases grew out of the same facts, were heard together as one case, and will be so considered.

The appellants were convicted on three counts of an indictment in case No. 6385, and not guilty of either count in case No. 6386. The indictment in case No. 6385 charges that during the months of April, May, and June, 1931, the two defendants with others conspired to violate the federal statutes by promoting a lottery, and that as a part of said conspiracy they proposed to send by express such lottery tickets, etc., from one state to another. The overt acts charged are the printing of 500,000 membership subscriptions in the city of Albuquerque; and, second, the delivery to Bob Woolf, in El Paso, Tex., 10 books of such subscriptions; and other similar deliveries by express. The third count relies upon the taking from the express companies, membership subscription blanks, and charges the same overt acts. The fifth count charges them with carrying advertisements from one state in the Union to another, in person and by express, for that purpose, and appropriate overt acts are charged.

The principal assignment of error is that the motion for a directed verdict should have been sustained. The defense introduced no evidence. The government evidence shows that these two defendants with others, entered into an arrangement to promote a lottery to be carried on under a grant by the Mexican government, and that the lottery tickets were to be sold throughout the United States. A written agreement was entered into, signed by Cleary, to carry out the lottery. A later meeting was held in Cleary's office at which Cleary was elected business manager. They borrowed money to carry out the purpose of the lottery, and Chavez signed the note. The evidence is clear that Chavez and Cleary were active in the management of the lottery. The evidence is likewise clear that books of lottery tickets were shipped to New York, Chicago, St. Paul, "and pretty generally to different names all over the United States." This was done on instructions from Pete Chavez. There is also a telegram in evidence from Jack Cleary to Pete Chavez asking him to send membership tickets to Kansas City, Mo., as well as advertising matter. Both of them were present in a meeting in which Walla was appointed state agent for Colorado. A package of 25,000 tickets was sent to him by express. Jack Cleary directed that the printing work be hurried up because they were needing tickets in St. Paul and San Francisco. The whole plan involved the sending of coupons 1 and 2 of the tickets, after they were sold, either to El Paso, Tex., or to New Mexico.

There can be no question but that the plan was to sell these tickets on a wholesale scale throughout the United States, and to deliver them and advertising matter by express. Their real defense is that they understood that it was no crime if the United States mails were not used. This, of course, is no defense.

We think there was no error in overruling the motion for an instructed verdict.

Complaint is made of certain instructions. It seems to us that the court fully and fairly charged the jury, and that the objections are not seasonably taken.

■ It is objected because, under the evidence, the defendants should have been convicted on counts 1 and 4 but were acquitted, they should also go acquit under the counts on which they were convicted. There is no merit in this contention. Count 1 charges the carrying of these things in person from one state to another, and count 4 charges the carrying of membership tickets from Texas into the republic of Mexico. The counts on which they were convicted refer to shipments by express. We think there is no inconsistency, and, even if there was, it would not be vital under recent decisions from the Supreme Court. Dunn v. United States, 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed. 356.

The convictions must be affirmed.