UNITED STATES of America, Appellee,

v.

Herman TALLER, Appellant.

No. 355, Docket 31594.

United States Court of Appeals Second Circuit.

Argued March 18, 1968.

Decided May 1, 1968.

William W. Kleinman, Brooklyn, N. Y. (Kleinman, Gold & Landsman, Brooklyn, N. Y., Abraham Glasser, New York City, of counsel), for appellant.

Carl Golden, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York), for appellee.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and CLARIE, District Judge.*

FRIENDLY, Circuit Judge.

The appellant, Dr. Herman Taller, a physician who specialized in obstetrics, is the author of the 1961 million-copy best-seller, "Calories Don't Count." This book as originally planned was to be an exposition of Dr. Taller's views, arrived at after some experimentation and research and apparently held with sincerity, that obesity could be cured, without the painful necessity of restricting calorie intake, by regular ingestion of liquid oil containing polyunsaturated fats. Dr. Taller had been prescribing three ounces of liquid safflower oil per day for his patients, and this dosage appeared in the drafts and galleys of his book. Before the book was published, however, he became involved in an enterprise organized to distribute safflower oil capsules; to create a demand for these he prevailed upon his publisher to change the text so that the recommended dosage would be six capsules per day and to indicate that these could be obtained from the new enterprise. The packages of capsules in turn, were labelled "C D C" and con-

* Of the District Court of Connecticut, sitting by designation.

tained a booklet identifying them with Dr. Taller's "'Calories Don't Count' Weight Control Program." The revised capsule dosage contained only ¼₅ as much safflower oil as the liquid oil dosage originally recommended and, as Taller later admitted, was worthless as a cure for obesity even in terms of his own theory.

Dr. Taller was tried before Judge Dooling and a jury in the District Court for the Eastern District of New York on a forty-nine count indictment. He was found "guilty as charged" on the three counts under the Food and Drug Act for feloniously causing misbranded drugs to be introduced into interstate commerce and for repacking and mislabelling drugs which had been shipped in interstate commerce, and on eight of the forty-five counts under 18 U.S.C. § 1341 for using the mails to defraud; he was found "guilty as a misdemeanor" on the conspiracy count under 18 U.S.C. § 371. Judge Dooling fined him $1000 each on one misbranding count and six mail fraud counts, suspended imposition of sentence on the remaining counts, and placed him on probation for two years.

The only point raised on appeal requiring much discussion is the sense to be made of the jury's verdict finding Taller guilty of eleven substantive felonies and one "misdemeanor conspiracy." The latter finding is traceable—though not precisely responsive—to an instruction that as to the conspiracy count the jury could return a verdict of "guilty or not guilty, except that if you conclude that the defendant was guilty only of conspiring to commit the misdemeanor of one or more of * * * the Food and Drug counts, your verdict would take the form 'guilty as a misdemeanor.'"

The judge gave this charge because the second paragraph of 18 U.S.C. § 371 provides that

"If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

While punishment is a question for the judge rather than the jury, the quoted paragraph made it essential for the judge to know whether if the jury found Taller guilty of conspiracy, it had in mind a conspiracy whose only criminal object was the commission of a misdemeanor, as would be the case if the jury decided that the only conspiracy was to misbrand without "intent to defraud or mislead." The jury apparently interpreted the instruction as permitting or requiring it to weigh the gravity of the conspiracy rather than merely to report what it found the objects to be, and, perhaps on the basis that other members may have been free of intent to mislead or defraud, concluded this was a low level conspiracy.

An instruction detailing the limited conditions under which it would have been appropriate to find defendant guilty of a conspiracy punishable only as a misdemeanor might well have reduced the likelihood of jury confusion. However, we cannot see how Taller was prejudiced by the jury's finding him guilty of conspiracy in a manner requiring a lesser sentence on that count than a consistent verdict would have demanded. Taller's suspended sentence on the "misdemeanor conspiracy" verdict was concurrent with the suspended sentences on four of the substantive counts, see Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958), and the evidence supporting the eleven guilty verdicts on substantive counts was ample. The verdict on these counts was not logically impaired by the jury's confusion over "grades" of conspiracy, and even if it had been "[c]onsistency in the verdict is not necessary." Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932); United States v. Carbone, 378 F.2d 420 (2 Cir.), cert. denied, 389 U.S. 914, 88 S.Ct. 242, 19 L. Ed.2d 262 (1967).

Appellant urges that the Eastern District of New York was an improper venue for the misbranding counts, presumably because the drugs were actual-

ly shipped from New Jersey to other states. However, the indictment charged and the proof showed that the Brooklyn-based activity of Taller as a principal was the cause of these shipments, and United States v. Bozza, 365 F.2d 206, 220–222 (2 Cir. 1966), thus does not assist him. The "misdemeanor conspiracy" verdict which appellant argues flaws every facet of the conviction, is in no way relevant.

■ Dr. Taller also objects to the Government's introduction of expert testimony that the entire theory of his weight-reducing diet was unsound, on the ground that the issue was not raised in the indictment and that a Government attorney had conceded as much at a pre-trial conference. However, our reading of the indictment, which accords with Judge Dooling's and defense counsel's at the pre-trial conference, is that it does put the validity of Dr. Taller's theory in issue. While the Government attorney indicated that he thought otherwise, this was treated as a disagreement in the interpretation of the indictment rather than as a waiver by the Government. Furthermore, appellant did not object or request a continuance when the Government made clear in its opening statement that it would introduce such testimony, or when such evidence was actually first introduced seventeen days later.

■ Dr. Taller contends also that this evidence was inadmissible or was admissible only with cautionary instructions since it did not represent a "universality of scientific belief." However, this testimony "was introduced only to establish that the advertising claims made for [Dr. Taller's diet] were scientifically false and was admissible for this purpose. McCormick, Evidence §§ 13–15 (1954)." United States v. Andreadis, 366 F.2d 423, 433 (2 Cir. 1966). While an instruction that proof of error in Dr. Taller's theory did not establish that his intent was fraudulent would have been proper, the failure to give one was not "plain error."

Finally, we are satisfied that the charge as to the requisite scienter for conspiracy, which appellant attacks, was adequate.

Affirmed.