**UNITED STATES of America,**

v.

**Edgar WALKER, Defendant.**

**No. 83 CR 454(S).**

United States District Court,
E.D. New York.

April 27, 1984.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for plaintiff; William J. Cunningham, III, Asst. U.S. Atty., Brooklyn, N.Y., of counsel.

Solerwitz, Solerwitz & Leeds, Mineola, N.Y., for defendant; James O'Shea, Mineola, N.Y., of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant, an agent of the Drug Enforcement Administration ("DEA"), was charged in a two-count superseding indictment with the unauthorized sale of government property valued in excess of $100, 18 U.S.C. § 641, and with accepting property in return for violating his duty as a public official, 18 U.S.C. § 201(c)(3). On March 8, 1984, after a jury trial, defendant was acquitted of count one and convicted of count two. He now moves to set aside the guilty verdict on count two of the indictment. Fed.R.Crim.P. 29(c).

### Facts

The superseding indictment under which defendant was charged resulted from defendant's relationship with Michael Soto, a government informant. The evidence adduced at trial established that defendant sought to purchase from Soto video recording equipment which defendant believed to have been stolen. To receive a discount on the price of the equipment, defendant agreed to provide Soto with information from DEA computer files ("N.A.D.D.I.S. information").

Unknown to defendant, however, the video recorders were not stolen and the N.A.D.D.I.S. information was not genuine. Soto had informed defendant's superiors at D.E.A. of defendant's desire to purchase stolen video equipment and his willingness to convey N.A.D.D.I.S. information. Soto was supplied with video recorders. and told to ask defendant for N.A.D.D.I.S. information relating to Frank Larsen and Karen Larsen. Fictitious N.A.D.D.I.S. files had been created for those persons. Defendant was arrested after conveying to Soto the information Soto requested in return for a

discount in the price of the video recording equipment.

Count one of the superseding indictment charged that defendant did, without authority, knowingly, willfully and unlawfully sell, convey and dispose of a record and thing of value of a department and agency of the United States, namely, information obtained from a DEA computer, which had a value in excess of $100. 18 U.S.C. § 641 (1976). The Court charged the jury that in order for it to convict defendant of this count, it had to find three elements beyond a reasonable doubt:

*First*, that the defendant sold, conveyed and disposed of a record and thing of value belonging to an agency of the United States;

*Second*, that the defendant did so knowingly, willfully and without authority; and

*Third*, that the record and thing of value sold, conveyed and disposed of had a value in excess of $100 at the time charged in the indictment.

Count two charged that defendant, while a public official, directly and indirectly asked for, exacted, solicited, sought, accepted and received something of value for himself, namely, a cash discount on the purchase of what he thought was stolen video recording equipment, in return for being induced to do an act in violation of his official duty, namely, providing information obtained from a DEA computer. 18 U.S.C. § 201(c)(3) (1976). The Court charged the jury that in order for it to convict defendant of this count, it had to find three elements beyond a reasonable doubt:

*First*, that the defendant asked for, exacted, solicited, sought, accepted and received a discount on the purchase price of video recording equipment;

*Second*, that at the time defendant did the above-mentioned acts, he was a public official; and

*Third*, that the defendant did the above-mentioned acts in return for being induced to provide information obtained from a DEA computer, willfully and corruptly and in violation of his official duty.

The jury acquitted defendant of count one and convicted him of count two.

### Discussion

The ground for defendant's motion is that the acquittal on count one entailed a factual finding that defendant "did *not* knowingly, willfully and without authority convey N.A.D.D.I.S. information" to Michael Soto. Defendant's Memorandum of Law at 2 (emphasis in original). This finding, contends defendant, negates the third essential element of the offense charged in count two, thus requiring the Court to set aside the guilty verdict on that count.

The collateral estoppel analysis suggested by defendant has been expressly rejected by the Supreme Court and the Second Circuit with respect to inconsistent verdicts simultaneously rendered on counts tried together within a single indictment. *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Zane*, 495 F.2d 683 (2d Cir.), *cert. denied*, 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974). As the Second Circuit stated in *Zane*, "the courts will not speculate on inconsistent verdicts .... [A] jury's determination on one count in an indictment has no estoppel effect on its determination on other counts at the same trial.... It is well settled that even plainly inconsistent jury verdicts, simultaneously rendered are the jury's prerogative." *Id.* at 689–90 (citations omitted).

■ The assumption underlying defendant's motion—that the jury found defendant did not convey N.A.D.D.I.S. information—is but one of a myriad number of assumptions which could be made about the findings of any jury deliberating on a multi-count indictment. Because jurors'

verdicts need not be consistent, however, "it would be inappropriate to draw an inference from the pattern of verdicts as to the jury's findings on separate elements of the crimes." *United States v. Heimann,* 705 F.2d 662, 670 (2d Cir.1983).

The collateral estoppel analysis urged by defendant applies only in the case of successive prosecutions. If, for example, defendant was tried on count two after the acquittal on count one, the Government would be bound as to issues necessarily decided in the first prosecution. *See Sealfon v. United States,* 332 U.S. 575, 580, 68 S.Ct. 237, 240, 92 L.Ed. 180 (1948). Collateral estoppel does not run, however, between simultaneous inconsistent verdicts. *United States v. Elsbery,* 602 F.2d 1054, 1057 (2d Cir.), *cert. denied,* 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979); *United States v. Zane, supra.*

Accordingly, defendant's motion for judgment of acquittal pursuant to Fed.R. Crim.P. 29(c) is denied.

SO ORDERED.