THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ARTHUR LANDMARK, Defendant and Appellant.

No. CR-70-56.     Decided August 20, 1971.

*Yamil Galib Frangie* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Candita R. Orlandi, Assistant Solicitor General,* for The People.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

Arthur Landmark was charged with violations of the Narcotics Act of Puerto Rico, Act No. 48 of June 18, 1959, 24 L.P.R.A. § 974, consisting in possessing, transporting or concealing, and selling the narcotic drug known as marihuana. The jury found him guilty of the charge of selling marihuana but acquitted him of the charges of possession and transportation.

On appeal he requests the reversal of the judgment of conviction, challenging, among other things, the instructions given to the jury by the trial judge in connection with the possible verdicts of the case.[1]

■ The verdict, as we shall see further on, is inconsistent. Although such condition does not invalidate the same, *People*

---

[1] Appellant assigns in his brief nine errors. The first five assignments refer to the instructions. The sixth, to the admissibility of a testimony, the seventh to the weighing of evidence, and assignments eight and nine to the nullity of the verdict and denial of the motion for a new trial.

v. *Negrón*, 73 P.R.R. 513 (1952), *People* v. *Medina Ocasio*, 98 P.R.R. 295 (1970),[2] however, in this case it cannot prevail, because it is the direct result of instructions given to the jury which are not consistent with the evidence introduced. It is necessary to consider the instructions in question in the light of the evidence introduced and the circumstances of the case.

The direct evidence consisted of the testimony of the undercover agent Wilfredo Ríos Méndez, who testified that he was registered as a student at the Interamerican University of San Germán, posing among the students as a Puerto Rican raised in New York, addicted to the use of marihuana. On April 3, 1968, Ríos already having been informed that appellant sold marihuana located him at the student center informing him about his interest in buying said drug. Both went to the rest room where appellant took from the right pocket of his pants a plastic bag containing cut marihuana which he sold to Ríos for the amount of $5.00.

The trial court charged the jury to the effect that it could "acquit him of all the offenses or convict him of some and acquit him of others, according to your opinion, depending on the evidence which you deem established." (Tr. Ev. p. 214.)

The jury withdrew to deliberate but when it could not reach an agreement it returned to the courtroom and requested additional instructions. It specifically asked the trial judge whether it could return a verdict of guilty in one of the counts and another of acquittal in the other counts or vice versa. It is necessary to reproduce here the instructions that the trial judge gave to that effect because they constitute the gist of the case:

---

[2] See also, *People* v. *Burgos Gregory*, Cr. 68-94, judgment of May 8, 1969, *People* v. *Santiago González*, Cr. 68-248, judgment of December 3, 1969, *People* v. *Fuentes Báez*, Cr. 65-389, judgment of May 19, 1966.

"JUDGE:

Is there any other question which the gentlemen of the jury want to ask the court?

MR. FERDINAND VEGA:

Can he be guilty in one case or two, that is, can he be innocent in one and guilty in two or innocent in two and guilty in one?

JUDGE:

*The verdict may be separated. The verdict in count number one does not bind you to return the same verdict in count number two. Count number one requires an amount of evidence and a kind of evidence to establish the possession and ownership of the drug; count number two refers to the concealment and transportation, and another kind of evidence is needed to support that count, and the third refers to the transaction of the sale, the sale, which needs another kind of evidence, and the verdict in one does not bind you to return the same verdict in the other, beyond all reasonable doubt, to convict him or acquit him. So that you may return a verdict in one convicting him, and acquitting him in two, or you may convict him in two and acquit him in three, according to what you deem that the evidence has established.* You do not have to return the same verdict for the three counts. That depends upon your discretion, according to the evidence which you deem established. Any other question?" (Tr. Ev. pp. 224–225.) (Italics ours.)

■ Separate and different evidence not having been adduced in support of each count so that the jury would be justified in weighing the evidence of each count separately, we agree with appellant that such instructions are not correct. They are not consistent with the evidence introduced. The evidence in relation to the counts charged—possession, transportation, and sale—was the same for the three counts. It consisted, as we have seen, of the undercover agent's testimony with respect to a simple transaction in which the acts of possession, transportation, and sale occur almost simultaneously. It was incumbent exclusively on the jury to determine the credibility of this witness. The alternative was simple and free of confusion: either it gave him full credit,

in which case it was bound to return a verdict of guilty in the three counts or would not give him credit in which case an acquittal verdict in all the counts was mandatory.

This being the situation, it was not correct to charge the jury to the effect that it could return a verdict of acquittal in all the counts or convict him of some and acquit him of others. The evidence did not support the instruction that: ". . . Count number one *requires an amount of evidence and a kind of evidence to establish the possession and ownership of the drug;* count number two refers to the concealment and transportation, *and another kind of evidence is needed to support that count,* and the third refers to the transaction of the sale, the sale, which *needs another kind of evidence,* and the verdict in one does not bind you to return the same verdict in the other, . . . ." (Italics ours.)

As we have seen, only one witness for the three counts was involved. Any distinction on the amount and kind of evidence needed to support each one of the counts was confusing and contradictory. Such distinction could only be made if different and separate evidence in support of each count would have been introduced.

In the light of the evidence presented, the only logical instruction about the possible verdicts was that of guilty in all the counts or of acquittal. The omission of a clear and specific instruction in that sense constitutes a prejudicial error in this case.

The Solicitor General in his report seeks to support the validity of the challenged verdict arguing, in essence, that the inconsistent verdicts being valid, the instructions given by the trial judge about the possible verdicts—guilty in one, acquittal in others—are correct. We do not agree.

This is not properly a case of inconsistent verdicts but of instructions inconsistent with the evidence. The conclusion which we have reached does not alter in any manner the rule

which we have established about the validity of inconsistent verdicts.

In supporting the validity of these verdicts, we have done it adopting a realistic outlook which is rationally consistent with the nature and functions of the jury. *People* v. *Negrón*, *supra; People* v. *Medina Ocasio, supra,* and cases cited at footnote No. 2. As it is known, the jury is a deliberative body composed by laymen in matters of law who frequently conform the law to their own sense of justice. See *People* v. *Medina Ocasio, supra; Dunn* v. *United States*, 284 U.S. 390; *United States* v. *Maybury*, 274 F.2d 899.

■ The judge, on the contrary is acquainted with the law, he is a legal expert and, therefore, is bound to act in a consistent and logical manner in the adjudication of a verdict as well as in the instructions to the jury. Only in the imposition of a sentence may the judge mitigate the strictness of law according to his sense of justice.

■ The instructions, whose fundamental purpose is to illuminate the jury in the application of the principles of law to the facts of the case, should be clear, exact, consistent, and logical. Inconsistent, frivolous, and arbitrary verdicts can be avoided in that manner.

■ In the instant case, as we have seen, the instructions were inconsistent, directly promoting the inconsistency in the verdicts. Therefore the reason for setting aside the verdict in this case is the vice of inconsistent instructions and not the inconsistency in the verdict itself.

■ The conclusion which we have reached precludes the holding of a new trial for the count of sale. That is so by operation of the doctrine of collateral estoppel by judgment. By virtue of this doctrine the questions of fact actually litigated and determined by judgment are conclusive between the parties. *People* v. *Lugo*, 64 P.R.R. 529, 534 (1945). The acquittal of the charges of possession and transportation

adjudicated in a definite manner, as a matter of fact, that appellant did not transport the drug to the rest room nor possessed it there and then. These facts are essential in the case at bar to support the conviction for sale, as we have seen from the evidence introduced.

Judgment will be rendered reversing the verdict challenged and decreeing defendant's acquittal.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martín did not participate herein.