■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRAD LYTLE, Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered on August 10, 1970, upon a verdict convicting the defendant of the crimes of criminal sale of a dangerous drug, second degree (one count) and criminal possession of a dangerous drug, sixth degree (two counts). In an indictment containing four separate counts, defendant was accused of two counts of sale and two counts of possession of a dangerous drug on February 2, 1970 and February 10, 1970. Defendant took the stand, admitted the charges against him and asserted the affirmative defense of entrapment (Penal Law, § 40.05). The jury convicted the defendant of possession on February 2 and 10, 1970 and of sale on February 10, but acquitted him of sale on February 2, 1970.

The chief prosecution witness was a police informer. Upon this appeal defendant urges that the verdict is inconsistent and requires the direction of an acquittal of any sale, arguing that since the jury found entrapment on February 2, 1970, it must follow that the entrapment continued to February 10, 1970 since both sales were a part of a course of conduct that was a product of the original inducement on February 2, citing *Sherman* v. *United States* (356 U. S. 369). The difficulty with this line of reasoning is that it requires assigning entrapment as the reason for the jury's verdict of acquittal of the charge of criminal sale on February 2, 1970. The jury could have found other reasons for their acquittal related entirely to questions of credibility of either or both the defendant and the informer. As Mr. Justice Holmes said in *Dunn* v. *United States* (284 U. S. 390, 394) : " That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." (See, also, *People* v. *Delorio,* 33 A D 2d 350.) Here there was sufficient evidence for the jury to find the required predisposition on the part of the defendant to engage in the proscribed conduct and the lack of an unlawful inducement of the innocent on the part of the police. The sale on February 2, 1970 was an unwitnessed transaction between the informer, the defendant and his cohorts, while the transaction on Febraury 10 was observed by two police officers whose testimony was completely credible. We find no error in the court's charge and the other issues raised by appellant are without merit. Judgment affirmed. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.