952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wallace Charles VENTER, Defendant-Appellant,
 No. 91-50084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1992.*
Decided Jan. 14, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wallace Charles Venter, a South African safari leader, bought nine Hartmann's Mountain Zebra skins for $250 a piece in Johannesburg. He flew to the U.S. on July 31, 1990, shipping the nine skins in a crate. Because Hartmann's Mountain Zebras are classified as a "threatened species," the Endangered Species Act prohibits importing them for commercial purposes. Before the U.S. Fish and Wildlife Agency released the skins to Venter, he was asked to sign a notarized affidavit that all of the skins were for personal rather than commercial use. Venter did so, confirming that "all nine skins were purchased by Mr. [Richard] Sadowski and would remain his personal property.... there is no intension [sic] of selling them."
 
 
 3
 His disclaimer not withstanding, Venter advertised zebra skins for sale in the Orange County Register, which prompted Fish and Wildlife Service Agent Benny Perez to set up an undercover meeting with him. During the meeting, which took place on September 21, 1990, Venter agreed to sell Perez nine skins for a discounted price of $1500 apiece. When Venter placed the $1500 check for the first skin in his shirt pocket, Agent Perez arrested him.
 
 
 4
 On October 9, 1990, a grand jury indicted Venter on three counts of criminal behavior: knowingly importing wildlife (Hartmann's Mountain Zebra skins) which Venter knew were possessed for sale in violation of the Endangered Species Act (Count I); knowingly selling wildlife which Venter knew were sold in violation of the Endangered Species Act (Count II); and knowingly and willfully making a false statement and representation as to material facts within the jurisdiction of the U.S. Fish and Wildlife Service, by declaring that he had no intention of selling the zebra skins, when he did intend to sell them and in fact did sell them (a violation of 18 U.S.C. § 1001).
 
 
 5
 On December 19, 1991 the jury acquitted Venter on Counts I and II, but returned a guilty verdict on Count III. Venter was sentenced to a period of eight months imprisonment, the first four months in a prison facility, and the last four in home detention. His projected release date was November 1991. Venter appeals both his conviction on Count III and his sentence under the Sentencing Guidelines.
 
 
 6
 Venter claims that the district court erred in denying the motion for acquittal he brought after the jury returned its verdict. We must affirm the conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 7
 Venter's core claim is that no rational juror could have acquitted him on Count I and convicted him on Count III. This claim is entirely without merit, since the Supreme Court has clearly held that acquittal on one count cannot be used to impugn conviction on another count. Dunn v. United States, 284 U.S. 390, 393 (1932), United States v. Powell, 469 U.S. 57, 63-65 (1965).
 
 
 8
 Venter does not contend that no rational trier of fact could have found the essential elements of the crime outlined in Count III when considered by itself. When viewed in the light most favorable to the government, the evidence more than supports the jury's conclusion that Venter had intended all along to sell the zebra skins, even while lying to the Fish and Wildlife Agency in order to secure their release from impoundment.
 
 
 9
 Venter also challenges the district court's failure to give his requested jury instructions 4 and/or 6, which were premised on his theory of defense. Venter had testified at trial that his plan was to take the buyer's money, to give the buyer one skin as collateral, to order another skin from Africa under the buyer's name, and to replace the collateral skin with the new skin. He maintained that the replacement would be mandatory; the government's evidence showed it was at the option of the customer. Venter maintained that he had believed this collateral sales method would not violate the law. He proposed to instruct the jury that it must acquit him on all three counts if the government did not prove he knew this method was illegal.
 
 
 10
 A defendant is only entitled to have his theory of defense presented in the jury instructions if it is supported by law and has some basis in the evidence. United States v. Mason, 902 F.2d 1434, 1438. The district court did not err in refusing to give Venter's instructions 4 and/or 6, because no law supports his collateral option theory as a defense to Count III. The court's instruction on Count III properly required the jury to find that Venter knowingly made a false material statement before it convicted him. Venter also complains that the instructions which were given did not sufficiently impress upon the jury the need to test the defendant's intentions at the time the statement was made. This complaint is groundless. Fairly interpreted, the standard Ninth Circuit instructions given by the trial judge do just that.
 
 
 11
 Finally, Venter contests the sentence he received under the Sentencing Guidelines. He began serving that sentence on March 28, 1991 and was scheduled to be released in November 1991. Since Venter is no longer in detention, the sentencing issue is moot. "A case is moot if the court can no longer grant effective relief." United States v. State of Oregon, 718 F.2d 299, 302 (9th Cir.1983).
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3