**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
# For the First Circuit

---

No. 04-1820

UNITED STATES,

Appellee,

v.

THOMAS PAUL BRICHETTO, JR.,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, Senior U.S. District Judge]

---

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Bruce M. Merrill for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paula D.
Silsby, United States Attorney, was on brief, for appellee.

---

February 15, 2005

---

**LYNCH**, <u>Circuit Judge</u>.  A jury convicted Thomas P. Brichetto, Jr. of bank robbery and aiding and abetting bank robbery (Count One), and using, carrying and brandishing a firearm during and in relation to the commission of a violent felony (Count Two), <u>see</u> 18 U.S.C. §§ 2, 924(c)(1)(A)(ii), 2113(a), 2113(d).  The jury found that on December 12, 2001, he had, with three accomplices, robbed at gunpoint a branch of the Gorham Regional Federal Credit Union in Gorham, Maine, of $7,079.  The jury also acquitted him on a charge of being a felon in possession of a firearm (Count Three), <u>see</u> <u>id.</u> §§ 922(g)(1), 924(e).  Largely based on what he considers to be inconsistency in the jury verdicts, Brichetto appeals from his conviction, saying he should have been granted a directed verdict or given a new trial.

His argument is that since the government introduced evidence of only one firearm in this case -- a .25 caliber Mauser semiautomatic pistol -- "The jury's verdict of Not Guilty on Count Three cannot be reconciled with the Guilty verdicts on Counts One and Two."  He argues that the jury necessarily found a failure of proof as to an essential element of the crimes charged in Counts One and Two,[1] namely: the use of the firearm in the robbery.

_____

[1]The armed robbery statute cited in Count One provides:

> (a) Whoever, by force and violence, or by intimidation, takes . . . from the person or presence of another . . . any property or money or any other thing of value belonging to . . . any . . . credit union . . . . [and]

-2-

"[A] straightforward claim that the jury verdict is internally inconsistent. . . . is essentially unreviewable." United States v. Alicea, 205 F.3d 480, 484 (1st Cir. 2000) (citing United States v. Powell, 469 U.S. 57, 66 (1984), Dunn v. United States, 284 U.S. 390, 393-94 (1932), and United States v. Lara, 181 F.3d 183, 206 (1st Cir. 1999)).  "In a single, multi-count trial, acquittal on one or more counts does not preclude conviction on other counts based upon the same evidence, as long as that evidence

>(d) . . . in committing, or in attempting to commit, any offense defined in subsection[] (a) . . . of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113 (emphasis added).  The statute cited in Count Two provides:

>[A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added).  The statute cited in Count Three provides:

>It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . .

18 U.S.C. § 922(g) (emphasis added).

-3-

is legally sufficient to support a finding of guilt on the count(s) of conviction." Id. To his credit, Brichetto, ably represented by appointed counsel, admits this principle, but says we should factor the acquittal into our review of the sufficiency of the evidence and of the motion for a new trial.

Our test, however, is the usual one for sufficiency of the evidence. The reviewing court "must uphold any verdict that is 'supported by a plausible rendition of the record.'" United States v. Hernández, 218 F.3d 58, 64 (1st Cir. 2000) (quoting United States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992)); see also United States v. Castellini, 392 F.3d 35, 44 (1st Cir. 2004) ("On challenges to sufficiency of the evidence, we take all the evidence and inferences in the light most favorable to the verdict and ask whether a rational factfinder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime.").

There is more than sufficient evidence in the record here to allow a jury to find Brichetto guilty beyond a reasonable doubt on Counts One and Two.[2] The teller at the robbed bank testified that she saw the robber pointing a "small black handgun" at her and that he threatened to "blow [her] head off." David Tanguay, one of Brichetto's accomplices, testified that he obtained the gun and

---

[2]The government proffers a series of reasons for explaining why the jury might have acquitted Brichetto on Count Three, which we need not address.

brought it to Brichetto before the robbery. Tanguay said Brichetto went into the credit union, carrying the gun. Tanguay testified that after the robbery, he told Brichetto to throw away the gun during the getaway ride, and he saw Brichetto rolling down the car window and throwing the gun away as they drove alongside an area "[l]ike a boggy marsh." The police were unable to recover the gun after searching the area. Brichetto, on Tanguay's evidence, had the gun before and after the robbery and went into the bank with the gun. That left the question of whether Brichetto was the robber the teller saw. The teller said the robber had a gun and wore a ski mask. Tanguay testified that Brichetto wore a "stocking cap" on the day of the robbery. A knit cap was recovered from Tanguay's car, and laboratory analysis of the DNA on the hat band showed that it matched Brichetto's DNA. Additionally, a photograph taken from the surveillance camera inside the bank during the robbery shows the robber wearing a knit ski cap vaulting over the counter with an object in his hand that a jury could easily conclude was a gun. Indeed, the jury found by special verdict that Brichetto had brandished a firearm in the course of the robbery.

The fact that no gun was ever found or that the witnesses described the gun in different ways does not mean that the evidence was insufficient to convict. For example, it is not uncommon for a person who has a gun pointed at her to describe the gun as large, even if bystanders would describe it as smaller.

For the same reasons that the evidence was sufficient (indeed, ample), there was no abuse of discretion in denying Brichetto's motion for a new trial.

Brichetto has appropriately waived the <u>Booker</u> claim of sentencing error he originally pursued on appeal. <u>See</u> <u>United States</u> v. <u>Booker</u>, 543 U.S. __, 125 S.Ct. 738 (2005). Brichetto's conviction is **<u>affirmed</u>**.