John K. MCNEAL, Petitioner—
Appellee,

v.

Richard MORGAN, Respondent—
Appellant.

No. 04–35731.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Dec. 15, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

John K. Mcneal, Washington State Penitentiary, Walla Walla, WA, pro se.

John Joseph Samson, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellant.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,[*] District Judge.

## MEMORANDUM [**]

McNeal complains that his conviction for vehicular assault was unconstitutionally inconsistent with the response to a special verdict query on the vehicular homicide charge. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996), we can grant a writ of habeas corpus only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We review McNeal's federal habeas petition de novo.

Instead of deciding whether the Washington court's decision was contrary to clearly established Supreme Court law, the district court concluded that *its* decision was not contrary to such law. Although the latter conclusion may be correct, AEDPA requires the former. The district court's legal conclusion was therefore not pertinent to the applicable standard.

The Supreme Court has consistently held that conflicting verdicts are not necessarily unconstitutional. *See United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *Harris v. Rivera,* 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981); *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). The facts of those cases vary slightly from McNeal's case, in that those cases involved convictions and acquittals, whereas McNeal's case facially involves two convictions. The Supreme Court has not, however, ever established that verdicts such as McNeal's would yield a different result under the Constitution from that reached in the *Dunn* line of cases. Although *Powell* ended with a footnote stating, "Nothing in this opinion is intended to decide the proper resolution of a situation where a defendant is *convicted* of two crimes, where a guilty verdict on one count logically excludes a finding of guilt on the other," *Powell,* 469 U.S. at 69, 105 S.Ct. 471 n. 8 (emphasis added) (citing *United States v. Daigle,* 149 F.Supp. 409 (D.D.C.1957)), such an indeterminate statement does not satisfy the clearly established law standard in 28 U.S.C. § 2254(d)(1).

Furthermore, although McNeal argues that his case presents the same situation as that in *Daigle,* we are not persuaded. The special finding on the vehicular homicide charge was similar to an acquittal for homicide as a result of intoxication and a conviction for homicide as a result of disregard for the safety of others. The conviction for vehicular assault was necessarily a conviction for assault because of intoxication. There is no conflict between a conviction for homicide as a result of disre-

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

gard for the safety of others and a conviction for assault because of intoxication. The real conflict, consequently, is between a conviction and a verdict similar to an acquittal, bringing the case quite close to *Powell.* If anything, then, the clearly established Supreme Court law indicates that the state courts were correct.

At oral argument, McNeal concentrated on a "hybrid" sufficiency of the evidence theory, relying upon *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1] Assuming that McNeal adequately raised the sufficiency of the evidence argument, we find the argument unpersuasive. The Washington state courts' conclusion that there was sufficient evidence to convict McNeal on the vehicular assault charge is not objectively unreasonable.[2] The state presented evidence of McNeal's blood toxicity level, his odd behavior, and the accident itself. *See State v. McNeal,* 145 Wash.2d 352, 360, 37 P.3d 280 (2002). The toxicity level was consistent with fatigue, lethargy, and subdued behavior, which are present during the "crash phase" of methamphetamine intoxication and "can impair one's ability to drive." *Id.* Multiple witnesses testified as to McNeal's lethargic behavior. *Id.* at 360–61, 37 P.3d 280. The evidence was certainly sufficient for a jury to conclude beyond a reasonable doubt that McNeal was intoxicated, regardless of what was marked on the special verdict form for another charge. We therefore reject McNeal's sufficiency of the evidence challenge.

**REVERSED. PETITION DENIED.**

---

1. McNeal mentioned these cases in his briefs but never articulated a coherent theory premised on them.

2. This court has held that a federal court, under habeas, reviews a state court's sufficiency of the evidence determination under 28 U.S.C. § 2254(d)(1). The court "must ask whether the decision of the [Washington Supreme Court] reflected an 'unreasonable application of' *Jackson [v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)] and [*In re*] *Winship* [, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)] to the facts of this case." *Juan H. v. Allen,* 408 F.3d 1262, 1275 & n. 13 (9th Cir.2005).

