**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4335

JEFF SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-94-70090)

Submitted: October 31, 1997

Decided: December 4, 1997

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barbara Hudson, Danville, Virginia, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jeff Smith appeals the jury's verdict finding him guilty of conspiracy to illegally acquire and transport firearms. [1] This appeal returns to this court after we reversed the district court's order granting Jeff Smith an acquittal notwithstanding the jury's verdict of guilty and remanded the case for sentencing.[2] Upon remand, the district court sentenced Smith to twenty-one months incarceration. Now, Smith contends the prosecution failed to present sufficient evidence to sustain his conviction. Because Smith's appeal is meritless, we affirm Smith's conviction.

Jeff Smith and a friend, Demetrius Dudley, attempted to purchase a TEC-22 semi-automatic handgun and a .380 semi-automatic pistol in the Town Gun Shop in Collinsville, Virginia. Because they did not have adequate identification, the dealer would not sell them the weapons. Not deterred by the refusal, Dudley contacted Flora Smith, his uncle's fiancee, and requested that she purchase the weapons. Shortly thereafter, Jeff Smith, Dudley, and Flora Smith went to the gun shop and Flora Smith purchased the guns that Jeff Smith and Dudley had selected on their previous visit. She completed an ATF Form 4473, asserting that she was the purchaser of the guns. At Flora Smith's apartment, Dudley and Jeff Smith reimbursed her for the purchase; however, Jeff Smith denied making this payment. Dudley and Jeff Smith then test fired the guns in a nearby woods. The TEC-22 was later transported and resold in New York.

After being indicted for conspiracy to acquire and transfer firearms,[3] and knowingly making a false statement to a licensed firearms dealer,[4] Dudley and Flora Smith entered plea bargain agreements; however, Jeff Smith pled not guilty and elected a jury trial. A trial was held,

_____

**1 See** 18 U.S.C. §§ 922, 371 (1994).
**2 United States v. Smith**, No. 95-5278 (4th Cir. July 30, 1996) (unpublished).
**3 See** 18 U.S.C. §§ 922, 371 (1994).
**4 See** 18 U.S.C. § 922(a)(6) (1994).

2

with Jeff Smith as the sole defendant. A jury found Jeff Smith guilty of conspiracy to illegally acquire and transfer firearms; however, the jury found him not guilty of aiding and abetting [5] Flora Smith in making a false statement to a firearms dealer.

A jury's verdict must be left undisturbed "if there is substantial evidence, taking the view most favorable to the Government, to support it,"[6] because the relevant question is not whether we are convinced of his guilt beyond a reasonable doubt, but whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.[7] Additionally, we must consider all circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established.[8] Where the evidence contains inconsistencies, it is for the jury to weigh the evidence and to judge the credibility of witnesses.[9]

In order to prove a conspiracy under 18 U.S.C. § 371 (1994), the government must prove an agreement among two or more persons to act together to commit an offense and an overt act in furtherance of the conspiracy.[10] A "tacit or mutual understanding" among the alleged conspirators is sufficient to show a conspiratorial agreement.[11] In addition, a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan.[12]

The seeds for the understanding were sown when Jeff Smith and Dudley unsuccessfully attempted to purchase guns. Section 922(a)(6) makes it a crime for any person purchasing a gun from a licensed

_____

[5] **See** 18 U.S.C. § 2 (1994).
[6] **Glasser v. United States**, 315 U.S. 60, 80 (1942).
[7] **See United States v. Brewer**, 1 F.3d 1430, 1437 (4th Cir. 1993).
[8] **See United States v. Tresvant** , 677 F.2d 1018, 1021 (4th Cir. 1982).
[9] **Id.**
[10] **See United States v. Chorman** , 910 F.2d 102, 109 (4th Cir. 1990); 18 U.S.C. § 371 (1988).
[11] **Chorman**, 910 F.2d at 109 (quoting United States v. Reifsteck, 841 F.2d 701, 704 (6th Cir. 1988)).
[12] **Id.**

dealer to make any false statement intended to deceive the dealer about any fact material to the lawfulness of the sale;**13** yet, Jeff Smith was a party to enlisting Flora Smith to accomplish the purchase. Jeff Smith and his co-defendants had at least a tacit understanding that Flora Smith would violate § 922(a)(6) by falsely asserting on ATF Form 4473 that the guns were for her use, and Jeff Smith was present when Flora Smith purchased the guns and filled out the ATF form. Additionally, Flora Smith's completion of the ATF form and purchase of the guns satisfied the requirement of an overt act in furtherance of the conspiracy.**14**

Once the conspiracy was established, only a slight connection was required to include Jeff Smith in the plan,**15** and the record discloses enough of a connection. Flora Smith testified that the .380 was for either Dudley or Jeff Smith, and Dudley testified that the TEC-22 was for him. Additionally, Flora Smith testified that Jeff Smith gave her money to reimburse her for the guns. While Jeff Smith claims he did not give Flora Smith money, the jury chose to believe Flora and witness credibility lies within the sole province of the jury and is not subject to appellate review.**16** Moreover, the fact that the jury acquitted Jeff Smith on aiding and abetting does not preclude a guilty verdict for conspiracy because consistency in the verdicts is not necessary; each count in an indictment "is regarded as if it was a separate indictment."**17**

Accordingly, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

**13 See United States v. Hernandez** , 913 F.2d 1506, 1513 (10th Cir. 1990).

**14 Cf. United States v. United Medical & Surgical Supply Corp.**, 989 F.2d 1390, 1400 (4th Cir. 1993).
**15 See United States v. Laughman** , 618 F.2d 1067, 1076 (4th Cir. 1980).

**16 See United States v. Saunders** , 886 F.2d 56, 60 (4th Cir. 1989).

**17 Dunn v. United States**, 284 U.S. 390, 393 (1932).

4