**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVANGELIO ALVAREZ, also known
as Evangelio Alvarez-Iabanez, also
known as Ricardo Vega, also known
as Mimon, and also known as Rich,

Defendant - Appellant.

No. 02-2326
(D.C. No. CR-00-1462 LH)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f). The case is therefore submitted without

oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Alvarez and his co-defendants were charged by indictment filed in the United States District Court for the District of New Mexico with one count of Conspiracy to Possess with Intent to Distribute 50 Grams and More of a Mixture Containing Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), 21 U.S.C. § 846, and 18 U.S.C. § 2 (Count I), and one count of Possession with Intent to Distribute More Than 5 Grams of a Mixture Containing Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2 (Count IV). Appellant was the only defendant that went to verdict; the rest of the defendants pled guilty. At the close of the Government's case, Appellant moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a). The court denied the motion. The jury convicted Appellant of Count I. The jury was unable to reach a unanimous verdict on Count IV and, after polling the jury, the court declared a mistrial as to Count IV. Appellant was sentenced to 151 months in prison.

On appeal, Appellant claims that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to convict him of conspiracy to possess with intent to distribute cocaine base. We review _de novo_ the district court's denial of a Rule 29 motion for judgment of acquittal viewing the evidence "in the light most favorable to the government." United States v. Almaraz, 306 F.3d 1031, 1040 (10th Cir. 2002); United States v. Rangel-Arreola, 991 F.2d 1519, 1521 (10th Cir. 1993). "In evaluating the

evidence under this standard, the court will not question the jury's credibility determinations or its conclusions about the weight of the evidence." United States v. Lazcano-Villalobos, 175 F.3d 838, 843 (10th Cir. 1999).

Our review of the evidence reflected in the record and the briefs, when viewed in the light most favorable to the Government, is sufficient to support the jury's verdict. We will not provide a detailed recreation of all the evidence against Appellant which is found in the record. However, we do note that three separate witnesses testified about Appellant's involvement in the drug conspiracy. One co-defendant testified that he sold crack for Appellant. Another co-defendant testified that he pooled money with Appellant to get a better price on the cocaine power necessary to make crack. A confidential informant testified that he bought crack from Appellant at another co-defendant's house. We "will not question the jury's credibility determinations or its conclusions about the weight of the evidence." Id.

Appellant's assertion that his conviction should be overturned because of the alleged inconsistency in the verdict is also without merit. First, the verdict is not inconsistent. Count IV dealt with a single substantive charge. We agree with the Government's assertion that "[w]hile the jury may have found that Alvarez did not participate in the hand-to-hand sale, it could also have concluded that he did participate in other criminal acts as part of the conspiracy." Aple. Resp. Br. at

-3-

19, n.6.  Second, "[c]onsistency in the verdict is not necessary."  <u>Dunn v. United States</u>, 284 U.S. 390, 393 (1932); <u>United States v. Powell</u>, 469 U.S. 57, 69 (1984) (jury verdicts may not be reviewed on the basis of inconsistency).

    AFFIRMED.

<div style="margin-left:40%">

Entered for the Court


Monroe G. McKay
Circuit Judge

</div>