**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVANGELIO ALVAREZ,

Defendant-Appellant.

No. 07-2193
(D.C. No. CIV-05-391-JAP-LAM)
(D. N.M.)

**ORDER**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Petitioner seeks a certificate of appealability to appeal the district court's

denial of his § 2255 habeas petition. Petitioner was charged with one count of

conspiracy to possess with intent to distribute fifty grams or more of cocaine base

and one count of possession with intent to distribute more than five grams of a

cocaine base. The jury convicted him on the conspiracy count, but was unable to

reach a unanimous verdict on the possession count. The court declared a mistrial

as to the possession count and sentenced Petitioner to 151 months in prison on the

conspiracy count. We affirmed Petitioner's conviction and sentence on direct

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal. *United States v. Alvarez*, 75 F. App'x 745, 746 (10th Cir. 2003).

In his habeas petition, Petitioner claimed, inter alia, ineffective assistance of counsel based on his trial attorney's alleged failure to inform him of a favorable plea offer. The district court ordered that counsel be appointed to represent Petitioner on this claim. The magistrate judge conducted an evidentiary hearing at which Petitioner, his trial counsel, trial counsel for one of his co-defendants, and an Assistant United States Attorney testified. The magistrate judge concluded that Petitioner's testimony was not credible and that trial counsel's testimony that he did discuss the offer with Petitioner was credible and corroborated by the evidence.

The district court, after considering Petitioner's objections, reading the transcript of the hearing, and reviewing the record, agreed with the magistrate judge's conclusion that Petitioner's allegations were not credible. The court concluded that the weight of the evidence supported the magistrate judge's conclusion that trial counsel indeed conveyed the terms of the plea offer to Petitioner.[1] The court therefore held that Petitioner had not satisfied the first prong of the *Strickland* test, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), because he had not demonstrated that his attorney's conduct fell below a reasonable standard of professional conduct.

---

[1] The court specifically considered whether the terms of the June 27th plea offer at issue in this case were conveyed to Petitioner, noting that the previous plea offer had differed in important respects from this offer.

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In assessing Petitioner's claims, "[w]e review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001) (internal quotation marks omitted) (alternation in original).

Applying this standard of review, we conclude that Petitioner is not entitled to a certificate of appealability. Although we note that some contradictory evidence was introduced at the evidentiary hearing, we are convinced that reasonable jurists would not debate whether the district court clearly erred in finding that counsel conveyed the terms of the plea offer to Petitioner and that Petitioner's allegations to the contrary were not credible. We are also convinced that reasonable jurists would not debate the district court's conclusion that Petitioner failed to demonstrate ineffective assistance of counsel.

We have carefully reviewed Petitioner's brief, the district court's disposition, and the record on appeal. Nothing in these materials convinces us that reasonable jurists could debate whether the district court's rulings were

correct. Accordingly, for substantially the reasons set forth by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge