**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NUREN O. MAKANJUOLA,

Defendant-Appellant.

No. 10-3075
(D.C. No. 6:09-CR-10093-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

Defendant Nuren Makanjuola appeals his jury conviction for violating

18 U.S.C. § 911, which makes it a crime for a person to falsely and willfully

represent himself or herself to be a citizen of the United States. Mr. Makanjoula

raises one point on appeal, arguing that, when viewed in the light most favorable

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to the government, the evidence presented by the prosecution was insufficient to support the jury's guilty verdict.  We disagree and affirm the conviction.

I.

Mr. Makanjuola was charged with six counts of violating § 911.  The basis of the charges were his six applications for liquor licenses, which were presented as exhibits one through six at trial.  Three applications were for licenses from the State of Kansas (exhibits one, four, and six), and three were for licenses from the City of Wichita, Kansas (exhibits two, three, and five).  On each application, Mr. Makanjuola's signature appears, falsely claiming he was a citizen of the United States.  Mr. Makanjuola admitted that the signatures were his.  His defense was that he did not realize that he was claiming citizenship by signing the applications.  Mr. Makanjuola's motions for directed verdict were denied and he was found not guilty by a jury of counts one, two, three, and five of the indictment.  He was found guilty on counts four and six based on the representations of citizenship made in exhibits four and six.  Mr. Makanjuola appeals the denial of his motions for directed verdict and claims that the jury verdict was not supported by sufficient evidence.

II.

"We review sufficiency of the evidence claims de novo."  *United States v. Williams*, 403 F.3d 1188, 1194 (10th Cir. 2005).  In doing so, we view the evidence and all reasonable inferences therefrom in the light most favorable to the

government in determining wether a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Id*. Under § 911, "[w]hoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both." Mr. Makanjuola argues that, while he falsely represented himself as a citizen of the United States on the applications, he did not do so willfully. In *Bryan v. United States*, 524 U.S. 184 (1998), the Supreme Court endorsed the following jury instruction explaining when a person acts "willfully":

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

Specifically, Mr. Makanjuola argues: (1) that there was insufficient evidence to show that his false representations were made with any intent to disobey or disregard the law, and (2) that the jury's acquittal on four of the six counts show that there was not sufficient evidence for conviction on the other two.

A.

Mr. Makanjuola's first assertion is that there was not sufficient evidence to show that he acted willfully by intending to disobey or disregard the law. At trial, Mr. Makanjuola asserted that when he decided to open a sports bar and was applying for his initial liquor license with the State of Kansas, he appointed his

wife Karen as the "Process Agent with Power of Attorney," (Process Agent) because he was told by an employee of the Kansas Department of Revenue he had to appoint a citizen of the United States. He followed those instructions. He claims that on the subsequent Kansas license applications—the applications that served as the basis for the counts on which he was convicted—he appointed himself process agent because an employee of the Department of Revenue told him that was the correct procedure. He asserts that had he known he could not have signed as he did, he knew a number of United States citizens who could have acted as agents and signed in his stead. He claims he had never hidden the fact that he was a non-citizen from any parties or agencies. Mr. Makanjuola points out that the government's main witness testified that when he was confronted with the applications, he broke down, claiming that he had not read the documents before signing them.

But, on appeal, we are required to view the evidence, and the reasonable inferences therefrom, in the prosecution's favor. The relevant portions of the applications that Mr. Makanjuola signed are not difficult to understand. Exhibits four and six both make clear that the person signing the application–Mr. Makanjuola–is representing that, as the person listed in "**Section 4**" of the application, he is a "UNITED STATES CITIZEN and KANSAS RESIDENT[.]" Aplee. App., Vol. II, at 23, 27. Further, Mr. Makanjuola was at least on notice that non-residents were restricted in some ways in regard to *Kansas* liquor

licenses, because he testified that he was told at one point that he could not serve as the Process Agent on those applications. Thus, his testimony that he subsequently signed identical applications wherein he appointed himself to that prohibited position because he was told to when he called the State for help in filling out the renewal application, could be viewed as less-than-credible by a reasonable jury. While he testified that he advised the State that his ex-wife could no longer serve as Process Agent, he did not testify that he told the person he was speaking to that he was not a United States citizen. Consequently, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government, we hold that a reasonable jury could have found Mr. Makanjuola guilty beyond a reasonable doubt as to counts four and six.

B.

Mr. Makanjuola's second assertion is that the jury's verdict was internally inconsistent and that this inconsistency undermines the guilty verdict on counts four and six. He asserts that "[t]here was no evidence in the case that would distinguish the filling out and filing of the State liquor applications that were Government's Exhibits Four and Six from any of the other documents or from any of the other charges." Aplt. Br. at 11. In essence, he asserts that the actions he took in regard to the counts he was acquitted of are indistinguishable from the actions that he took in regard to the counts he was convicted of. We disagree.

-5-

First, we note that inconsistency, standing alone, is not a valid reason to reverse the convictions.

> "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'"

*United States v. Powell*, 469 U.S. 57, 63 (1984) (quoting *Dunn v, United States*, 284 U.S. 390, 393 (1932)) (further quotation omitted). The Court further held in *Powell* that

> a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt.

469 U.S. at 67. We have determined above that the evidence was sufficient to support the guilty verdicts.

But we disagree that the verdict is necessarily inconsistent. Mr. Makanjuola was convicted on counts four and six. As noted above, these counts were supported by exhibits four and six, which were two of the Kansas applications. Exhibit one was the first Kansas application and was the application wherein Mr. Makanjuola had appointed his wife as Process Agent because he was told he had to appoint a United States citizen. Nevertheless, on exhibits four and

six he appointed himself as Process Agent, allegedly because he was told to do so when he informed the State he was no longer married to the previous Process Agent. But he did not testify that he informed the person he spoke with that he was not a United States citizen, and the jury might simply have determined that, having admitted that he had been specifically informed at one point that he could *not* serve as Process Agent without being a citizen, his appointment of himself to that position on subsequent applications was done with the intent to deceive. It is thus possible the jury decided he should be convicted as to the representations made on these applications, but acquitted as to the others.

C.

Mr. Makanjuola's convictions are AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge